JOHN C. NICHOLS, Respondent, *v.* ANDREW G. WHITE, Im-
pleaded, etc., Appellant.

The declarations of one partner after dissolution of the firm, not made in
the business of winding up, and not in relation to any transaction or
dealing connected with the dissolution of the partnership, are inadmissi-
ble against a copartner.

Where, in an action against the former members of a firm which had been
dissolved, one of the defendants, who had not appeared in the action,
was called as a witness for plaintiff, and was subsequently called and
examined as a witness for the defendant who appeared and answered,
*held*, that it was not competent for plaintiff to prove, by way of impeach-
ment, declarations of the witness, made after the dissolution of the
firm, in conflict with his testimony as a witness for the defense.

(Argued May 4, 1881; decided June 21, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, made February 13, 1880, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought upon two promissory notes made by "the Lawrence Brewing Company," which, plaintiff alleged, was the name under which a copartnership, of which defendants were members, did business. Defendant White alone appeared and defended. He alleged that, at the time of the making the notes, he was not a member of the firm, he having prior thereto retired therefrom, of which fact plaintiff then had knowledge.

The further facts pertinent to the questions discussed appear in the opinion.

*Nathaniel C. Moak* for appellant. Having called the witness, plaintiff had no right to impeach him. (*Coulter* v. *Amer.*, etc., 56 N. Y. 585, 588–590; *People* v. *Safford*, 5 Denio, 112; *Adams* v. *Wheeler*, 97 Mass. 67; *Com'r* v. *Starkweather*, 10 Cush. 59; *Com'r* v. *Welsh*, 4 Gray, 535; *Pollock* v. *Pollock*, 71 N. Y., 138, 151–2.) Though a partnership be formed by an agreement under seal, still, a dissolution actually made by the parties, though not under seal, before the period limited by the agreement for the continuance of the partnership expires, will, in a court of equity, be held effectual as between the partners themselves, and as to third parties having notice thereof. (*Wood* v. *Gault*, 2 Md. Ch. 433; *Heath* v. *Sansom*, 4 B. & Ald. 172; Story on Partnership, § 268; *Emerson* v. *Parsons*, 46 N. Y. 560; *Peck* v. *Miller*, 39 Mich. 594; Parsons on Part. [3d ed.] 385, 417, marg. p.) When a creditor has knowledge of the dissolution of a copartnership at the time of giving credit, he cannot recover from the members of the firm who have withdrawn, no matter how the knowledge has been communicated to him. (*Davis* v. *Keyes*, 38 N. Y. 94; *Young* v. *Tibbitts*, 32 Wis. 79, 83–5; Wade on Notice, § 485; *Holtzneir* v. *Walker*, 85 Ill. 470, 472.) If there is error in the admission or rejection of evidence which bears in the least

degree on the result, it cannot be disregarded. (*Baird* v. *Gillett*, 47 N. Y. 186, 188 ; *Anderson* v. *Rome, etc.*, 54 id. 334 ; *Worrall* v. *Parmelee*, 1 id. 519 ; *Hallzanten* v. *Eckert*, 67 Barb. 59, 61.) It was error to allow the witness to determine the legal effect of the transactions between defendant and William H. Nichols. (*McGuyn* v. *Brow*, 10 N. Y. 114 ; *Vanduzun* v. *Young*, 29 id. 27 ; *Providence, etc.* v. *U. S., etc.*, 120 Mass. 35 ; 2 Taylor on Ev. [7th ed.], § 1414 ; *Bonfield* v. *Smith*, 12 Mees. & W. 405 ; *Crounse* v. *Fitch*, 23 How. Pr. 355–56 ; 14 Abb. Pr. 350–51 ; *Nicholay* v. *Unger*, 80 N. Y. 54 ; *Short, etc.* v. *Hardy*, 114 Mass. 198, 213 ; *Stanton* v. *Crisfield*, 9 Hun, 502, 505 ; *Merritt* v. *Briggs*, 57 N. Y. 651–652 ; *Nichols* v. *Kingdom, etc.*, 56 id. 618 ; *Bowie* v. *Baltimore, etc.*, 1 MacArthur, 609 ; *Richardson* v. *Mason*, 53 Barb. 602, 605, 606 ; *Geall* v. *Burton*, 40 Barb. 137 ; *Crofut* v. *Brooklyn, etc.*, 36 id. 201 ; *Hopkins* v. *Ind., etc.*, 78 Ill. 32 ; *Collyer* v. *Collins*, 17 Abb. Pr. 418.) The fact that declarations were made was competent upon the question of the time of dissolution. It was part of the *res gestæ*. (*Cregler* v. *Durham*, 9 Ind. 376 ; *Pierson* v. *Steenmeyer*, 4 Rich. [S. C.] Law, 309.) If William H. Nichols really represented the plaintiff in the Lawrence brewing business, then every fact known to him was notice thereof to the plaintiff. (*Bennett* v. *Buchan*, 76 N. Y. 386, 390 ; *Holden* v. *N. Y. & Erie Bk.*, 72 id. 286.) It is not improper for a witness to testify that the plaintiff was in possession of real estate at a particular time, although the question whether the plaintiff or the defendant was in possession at that time is a material question in the cause. The witness is not to be confined merely to a statement of the facts constituting possession. (*Parsons* v. *Brown*, 15 Barb. 590 ; affirmed in Ct. of Appeals, June, 1855 ; *Wieting* v. *Shearer*, 8 W'kly Dig. 392, Gen. Term, third dept. ; *Boothby* v. *Brown*, 40 Iowa, 104 ; *Rand* v. *Freeman*, 1 Allen, 517, 518 ; *Knapp* v. *Smith*, 27 N. Y. 278, 281 ; *De Wolf* v. *Williams*, 69 id. 622 ; *Miller* v. *Miller*, 41 Md. 624 ; *Hardenburg* v. *Crary*, 50 Barb. 32 ; *Child* v. *Kingsbury*, 47 Vt. 47.)

*Edward Savage* for respondent. Even a conveyance, by a partner, of his interest in all the personal and real estate of the firm does not *ipso facto* dissolve the copartnership, if any interest of any kind continues. (*Taft* v. *Buffner*, 14 Pick. 323.) The referee was right in excluding questions which called for a " conclusion of law." (*Merritt* v. *Seaman*, 2 Seld. 168; *De Witt* v. *Bailey*, 9 N. Y. 371, 375; *Henroy* v. *Van Pelt*, 4 Bosw. 60; *Teall* v. *Barton*, 40 Barb. 137; *Cook* v. *Brockway*, 21 id. 331; *Merritt* v. *Briggs*, 57 N. Y. 651, 652.) The copy of letter offered was properly excluded as the witness did not say that he sent the letter, and even if he had, no presumption of delivery would arise except when sent by mail. (*Pritt* v. *Fairclough*, 3 Camp. 305; *Hayden* v. *Reid*, id. 377.) Declarations not made jointly or against interest were properly received in evidence. (*Phillips* v. *Purington*, 15 Me. 425; *Freeborn* v. *Smith*, 2 Wall. 160; *Gordon* v. *Shurtliff*, 8 N. H. 260.)

Andrews, J. We think the judgment in this case, should be reversed, for error in the admission of evidence.

The plaintiff, called and examined William H. Nichols, one of the defendants named in the summons, and one of the five persons originally constituting " The Lawrence Brewing Company," as a witness. The defendant White, at a subsequent stage of the trial, recalled this witness, and he then testified to facts, tending to show that " The Lawrence Brewing Company " copartnership, was dissolved on or about October 16, 1871, prior to the making of the notes in question, and that the business thereafter was carried on in the same name, by the witness alone. He also testified to a conversation with the plaintiff, prior to, but about the time the notes were executed, in which the plaintiff in reply to the declaration of the witness, that the defendant White was a partner, stated in substance that White was not a partner, because he had accepted the proposition of the witness, to purchase his interest in the firm. The witness further testified, in substance, that the plaintiff refused to indorse the paper unless secured by a bill

of sale of coal, and that the indorsement was made on the security of coal, which the witness transferred to him at the time. After this testimony had been given, the plaintiff was re-examined as a witness on his own behalf, and a paper was shown to him, addressed to the plaintiff, but having no signature, and which he testified was received by him from William H. Nichols, and was in his handwriting. This paper was offered in evidence by the plaintiff's counsel, and its admission was objected to by the defendant's counsel, as immaterial, irrelevant, and incompetent. The objection was overruled, and the paper was read in evidence. It was a statement to the effect, that the plaintiff was informed, when the notes in suit were indorsed by him, that the defendant White was a partner in "The Lawrence Brewing Company," and that the plaintiff indorsed them, on the strength of this statement.

We know of no principle in the law of evidence, which justifies the introduction of this paper.

The principal controversy in the case turned upon the questions, *first*, whether the copartnership between William H. Nichols, and the defendant White, which was admitted to have existed up to October 14, 1871, was then, or about that time, dissolved; and *second*, assuming that it was dissolved prior to the indorsement of the notes in suit, whether the plaintiff had notice of the dissolution, when he indorsed the paper.

It is not claimed that the partnership continued later than January, 1872. The plaintiff claimed that it was not dissolved until that time, while the defendant claimed that it was dissolved in October. The evidence does not conclusively establish the fact either way. If, as the defendent claimed, the dissolution took place in October, nevertheless, the plaintiff insisted that he had no notice of the dissolution, and that, in the absence of notice, he could continue to deal with the firm as before, upon the basis of its continuance. It does not distinctly appear when the statement admitted in evidence was written; but it was written after the dissolution of the firm, and after the commencement of this suit. The paper was not relevant to any fact to be established

in the action, against William H. Nichols.   He did not defend
the action.   The only issue was as to the liability of the de-
fendant White, and he alone defended.   The statement, as
against him, was mere hearsay.   The declarations of one part-
ner after the dissolution of a firm, not made in the business of
winding up, and not connected with any transaction or dealing
connected with the dissolution of the partnership, are inadmis-
sible against his copartner.   He may bind himself by his ad-
missions, but as to his former partners, his agency, ex-
cept for special purposes, is terminated by the dissolution,
and his admissions are like those of a stranger, and they
are not bound by them   (*Walden* v. *Sherburne*, 15 Johns.
409 ; *McPherson* v. *Rathbone*, 7 Wend. 217 ; *Hogg* v.
*Orgill*, 34 Penn. 344 ; 2 Greenleaf on Ev., § 484.)   It
does not appear that the statement was offered, with a
view to contradict the testimony of William H. Nichols, and
the counsel for the plaintiff does not seek to justify its admis-
sion, for that purpose.   That it was not admissible by way of
impeachment is clear from the case of *Coulter* v. *Am. Mer.
Un. Ex. Co.* (56 N. Y. 585).

There are numerous other exceptions to evidence in the
case, but it is unnecessary to consider them.

For the error in admitting the written statement of William
H. Nichols, the judgment should be reversed and a new trial
ordered, costs to abide event.

All concur.

Judgment reversed.