STEPHEN D. PRINGLE, Respondent, v. CHARLES D. LEVERICH, Impleaded, etc., Appellant.

While a partner who has retired from a firm, when the business is continued in the same firm-name, is liable to all persons who had previously dealt with the old firm and who continue to deal with the new. for the obligations of the latter, until they have notice or knowledge of the change, yet he cannot be bound by admissions made after his retirement by the remaining partners in reference to such obligation ; and this is so, whether the dealer to whom the admissions were made knew of the retirement or not.

Defendants formerly were copartners; defendant C. retired from the firm and the business was thereafter continued by the remaining members, in the same firm-name. In an action to recover an alleged indebtedness of the new firm, wherein C. was sought to be charged, on the ground that plaintiff's assignor was not notified and had no knowledge of the change, the only evidence of the indebtedness was the account as entered on the ledger of the new firm. This was received under objection and exception. *Held,* that the entries were at most simply the admissions of the firm as then constituted and were incompetent as evidence against C.

For the purpose of proving a discharge in bankruptcy, C. introduced in evidence a voluntary petition in bankruptcy by the members of the new firm, to which was attached a schedule of their debts, in this was included plaintiff's debt, at the amount claimed here. *Held,* that this was not evidence against C. of the amount of the indebtedness.

(Argued October 14, 1884 ; decided October 31, 1884.)

APPEAL by defendant Charles D. Leverich from a judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 3, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*John E. Parsons* for appellant. The court should have dismissed the complaint, or directed a verdict in favor of Charles D. Leverich upon the ground that Mr. Pringle knew that Charles D. had ceased to be a member of the firm. (*Furniss* v. *Mutual Life Ins. Co.,* 46 N. Y. Supr. [14 J. & S.] 467 ;

*Sweet* v. *Tuttle*, 14 N. Y. 465, 470 ; *Howell* v. *Adams*, 68 id. 314.) A notice of intention to withdraw from a firm puts upon the person receiving the notice the burden to show that intention was not carried out. (1 Chitty on Contracts [11th Am. ed.], 363 ; *Paterson* v. *Zachariah*, 1 Stark. 71.) A release of one joint debtor discharges the debt, unless there is a reservation of the liability of the others under the statute. (*Hoffman* v. *Dunlop*, 1 Barb. 185 ; *Bank* v. *Ibbotson*, 5 Hill, 461 ; *De Zeng* v. *Bailey*, 9 Wend. 336 ; *Rowley* v. *Stoddard*, 7 Johns. 207 ; *Catskill Bank* v. *Messenger*, 9 Cow. 37 ; *Frink* v. *Green*, 5 Barb. 455 ; *Bronson* v. *Fitzhugh*, 1 Hill, 185.) The composition in bankruptcy discharged the debt. (U. S. R. S., § 5103, passed June 22, 1874 ; chap. 390, §§ 17–18, p. 982 ; 2 N. Y. R. S. [6th ed.] 1157 ; *Mason & Hamlin Organ Co.* v. *Bancroft*, 1 Abb. N. C. 415 ; *Briggs* v. *Richmond*, 10 Pick. [Mass.] 391 ; *Green* v. *Hamilton*, 16 Md. 317.)

*Albert Stickney* for respondent. A retiring partner, as to former dealers with the firm, remains a partner, with all the liabilities of a partner, until the dealer has, in some way, knowledge or notice of the alleged retirement. (*Goddard* v. *Pratt*, 16 Pick. 412, 429, 430 ; Collyer on Partnership 888, § 576 ; *Stone* v. *DePuga*, 4 Sandf. 681 ; *Howell* v. *Adams*, 68 N. Y. 314, 320 ; Abbott's Trial Evidence, 222 ; Wade on Notice, 234, § 530 ; 1 Greenl. on Ev., §§ 74, 78, 79 ; 2 id., § 485 ; Taylor on Ev. [7th Eng. ed.] 1391, § 1666 ; *Nat. Shoe & Leather Bank* v. *Herz*, 24 Hun, 260 ; 89 N. Y. 629 ; *Austin* v. *Holland*, 69 id. 571 ; *Kenny* v. *Altvatter*, 77 Penn. St. 34 ; Parsons on Part. 413 ; 1 Taylor on Ev. 205, § 1964 ; id. 334, § 367 ; id. 344, § 376.) The proof of the debt was only one piece of evidence to be weighed by the jury. (*Sweet* v. *Tuttle*, 14 N. Y. 470 ; *Martin* v. *Gray*, 14 C. B. [N. S.] 824 ; *Thomas* v. *White*, T. & G. 110, 112.) The proof of debt is not, at law, a bar to the action. The final discharge is no bar. (*Bottomley* v. *Nuttal*, 5 C. B. [N. S.] 122, 137 ; *Heath* v. *Hall*, 4 Taunt. 326 ; *In re Ketzinger*, 19 Nat. Bank. Reg. 154.) The proof of debt works no

estoppel. (*Shapley* v. *Abbott*, 42 N. Y. 443 ; *Jewett* v. *Miller*, 10 id. 402; *Baker* v. *Union Mut. Life Ins. Co.*, 43 id. 283 ; *Lawrence* v. *Brown*, 5 id. 394; *Mechanics' Bank* v. *N. Y. & H. R. R. Co.*, 13 id. 638 ; *Mayenborg* v. *Haynes*, 50 id. 675 ; *Reynolds* v. *Lounsbury*, 6 Hill, 534; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 480; *Chautauqua Bank* v. *White*, 6 id. 236 ; *Baker* v. *Union Mut. Life Ins. Co.*, 43 id. 283 ; Bankruptcy Act, § 5070; *In re Ellerhorst & Co.*, 5 Nat. Bank. Reg. 144.) There are no equities in favor of the defendant which entitle him to resist the payment of this debt. (*Cook* v. *Farrington*, 104 Mass. 212 ; *Rathbone* v. *Hooney*, 58 N. Y. 463.) In order to constitute a judicial determination which would bar the plaintiff, or his assignor, as to the liability of the defendant, the defendant must establish that the precise point, as to which he seeks to raise the bar, has been judicially decided. (*Dunkle* v. *Wiley*, 11 N. Y. 420 ; *Frost* v. *Koon*, 30 id. 428 ; *Kerr* v. *Hayes*, 35 id. 331, 337.) The decision of the point must have been necessary to the determination of the issue involved when it was made. (*Sweet* v. *Tuttle*, 14 N. Y. 465 ; *Campbell* v. *Consalus*, 25 id. 613 ; *People* v. *Johnson*, 38 id. 63; *Woodgate* v. *Fleet*, 44 id. 1 ; *Jarvis* v. *Driggs*, 69 id. 143.) Both parties must have been parties to and barred by that decision. (*Miller* v. *Knox*, 48 N. Y. 232; *Brower* v. *Bowers*, 1 Abb. Ct. App. Dec. 220 ; 4 Keyes, 525 ; *Bank of Poughkeepsie* v. *Hasbrouck*, 6 N. Y. 216, 224; *In re Goodfellow*, 3 Nat. Bank. Reg. 452 ; *In re Patterson*, 1 Bened. 508, 517 ; *Citizens' Nat. Bank* v. *Cass*, 18 Nat. Bank. Reg. 279.) The composition in bankruptcy was no bar to the claim against the defendant. (*Argall* v. *Jacobs*, 87 N. Y. 110 ; *Wilmot* v. *Judge*, 103 U. S. 217.) The effect of the order of discharge is to discharge the person and goods of the bankrupt ; it is no release of collateral remedies. (Chitty on Contracts, 1295.) Mr. Pringle did not, by claiming his dividend from the three funds in the hands of these two parties, bar himself from enforcing his rights against the other party who was not declared bankrupt. (*In re Levy et al.*, 1 Nat. Bank. Reg. 328.)

EARL, J.   Previous to August 11, 1874, the defendants Charles D. Leverich, Edward Leverich and Stephen D. Leverich were copartners, doing business in the city of New York, under the firm-name of Leverich & Co.   For some years prior to that day the plaintiff's assignor, John J. Pringle, was a dealer with the firm, and was then indebted to it.   On that day the firm was dissolved and Charles .D. Leverich retired therefrom, and never thereafter had any connection therewith.   The remaining members of the firm continued to carry on the same business under the same firm-name until 1878, when they became bankrupts.   John J. Pringle, after the dissolution of the old firm, continued to deal with the new firm, and at the time of its bankruptcy in 1878, the latter firm was indebted to him in the sum of about $15,000.   His claim for that amount he assigned to the plaintiff, and he brought this action against the members of the old firm, seeking to hold them for the debt on the ground that his assignor had received no notice, and had no knowledge of the dissolution thereof.   Charles D. Leverich, the present appellant, defended the action upon the ground that he had retired from that firm, and that the plaintiff's assignor had knowledge of such retirement.   Upon this appeal his counsel has brought to our attention various alleged errors for which he seeks to have the judgment reversed; but as we have reached the conclusion that one of the allegations of error is well founded, we will at this time take no notice of the others.

Upon the trial, for the purpose of proving the amount of his claim, the plaintiff called as a witness Stephen D. Leverich, one of the defendants, who produced a book, and testified that it was the ledger of the firm of Leverich & Co., composed of himself and Edward Leverich.   He was then asked this question: "What was the amount of the indebtedness of the [ ] of Leverich & Co. to John J. Pringle on February 15, 18[ ] as shown by this book?"   This question was objected to , the counsel for Charles D. Leverich, upon the ground that , appeared that he was not a member of the firm of Leverich & Co. at the time in question.   The objection was overruled by

the court and an exception was taken to the ruling. The witness answered: " On February 15, 1878, the firm owed John J. Pringle $14,966," and this was the only evidence given of the amount of the plaintiff's claim.

The entries in the book were not used as memoranda to refresh the memory of the witness, but they were received as original evidence, and the question is, whether, as such, they were properly received ? In considering this question we must assume that the plaintiff's assignor did not, during the time he dealt with Leverich & Co., have any notice of the retirement of Charles D. Leverich from the firm. The claim of the plaintiff is, that as he did not have such notice, as to him, Charles D. Leverich was to be treated as a member of the firm for all purposes.

During the continuance of a firm, the law of agency mainly, although not exclusively, governs the relations of its members to each other, and to the persons who deal with it. One partner is the general agent of the firm to bind it in all matters pertaining to the business carried on by the firm. The rule may also be stated that as to himself he acts as principal, and as to his partners he has a general agency to bind them in all matters of the firm.

A partner who retires from a firm may be held liable to all persons who had previously dealt with it, and who continued to deal therewith until they have notice or knowledge of his retirement. In Parsons on Partnership (2d ed.), 427, it is said : " The reason of the rule is perfectly obvious. They whom he authorizes to think him a partner may hold him as such ; and being a partner, and being known as a partner, he authorizes all to think him so who do not know that he has ceased to be one. If we suppose no fraud on his part, there is negligence on his part, and of two innocent persons he should suffer whose negligence caused the error." In Story on Partnership (7th ed.), § 160, it is said: " Where an ostensible or known partner retires from the firm, he will still remain liable for all the debts and contracts of the firm, as to all persons who had previously dealt with the firm, and have no notice of his retirement. This

is a just result of the principle that where one of two innocent persons must suffer from giving credit, he who has misled the confidence of the other, and has been the cause of the credit, either by his representations, or his negligence, or his fraud, ought to suffer instead of the other."

It is thus seen that the reason for holding one who has retired from the firm in such cases is based either upon the law of estoppel *in pais*, or upon the rule which is frequently applied, that where one of two innocent parties must suffer, he should suffer who, by his fraud or by his negligence, has induced confidence or action on the part of the other party. But the reason for holding the retired partner goes so far only as to make him responsible to innocent persons who continue to *deal* with the firm, presumptively on the faith of his presence as a member thereof; and all obligations to such persons created in such dealings bind the retired partner just as fully and thoroughly as if he continued to be a member of the firm. The rule thus defined goes far enough to protect the former dealers with the firm. After a dissolution of a firm by the retirement of one of the members thereof, it is well settled that the surviving members cannot bind him by their admissions (*Brisban* v. *Boyd*, 4 Paige, 17; *Walden* v. *Sherburne*, 15 Johns. 409); and it matters not whether the dealer to whom the admissions were made knew of the dissolution or not. It is sufficient that at the time the admissions were made, the parties making them had no right to bind, represent or act for the partner who had retired. In *Whitman* v. *Leonard* (3 Pick. 177) the following language was used by PARKER, C. J.: "It is said, however, that as to a person accustomed to deal with the partnership, it continued until he had notice of the dissolution; but that must apply to their usual dealings."

It does not appear when these entries in the ledger were written, or that they were part of any transaction between the plaintiff's assignor and the firm, or that they were the result of any settlement then made between him and the firm. Nothing appears about them except that they were in the ledger of the firm. They may have been written there after the plaintiff

had ceased to deal with the firm, or after he had notice of the dissolution, or after the bankruptcy of the firm. They were evidently written after the dealing had ceased, as they contained the entire balance of the plaintiff's claim. They were, therefore, at most the bare, naked declarations or admissions of the firm as it was then constituted, made four years after Charles D. Leverich had retired therefrom. They can, therefore, have no more force, and are entitled to no more weight as against him than the mere verbal declarations of Edward and Stephen D. Leverich. The rule which holds a retired partner is only for the protection of those former dealers with the firm, who continue to deal with the firm, and it holds him liable that they may suffer no injury or loss from such retirement unknown to them. But the rule does not go so far as to hold that the mere naked declarations and admissions of the remaining members, not connected with any dealings, upon which the dealer takes no action, and in which he reposes no confidence, can be used against the retiring member. It was, therefore, error to overrule the objection to this evidence.

For the purpose of establishing one of his defenses upon the trial, Charles D. Leverich introduced in evidence the voluntary petition in bankruptcy of Edward Leverich and Stephen D. Leverich, to which was attached a schedule of their debts, in which this debt was put down at the amount claimed by the plaintiff. But that did not make the statement in the schedule evidence against him. The bankruptcy papers were not put in evidence or received for that purpose. They were introduced simply for the purpose of proving proceedings in bankruptcy, and could not be taken as evidence against him of the facts contained therein.

It may be that there was in fact no doubt as to the amount of the indebtedness of the firm of Leverich & Co. to the plaintiff's assignor; but it was put in issue by the answer of Charles D. Leverich, and objection having been taken, the plaintiff was bound to prove it in a legal way. We see no answer to the objection, and as an important rule of law was violated, we cannot ignore it.

The judgment is large, and it is a great hardship to the appellant to be compelled to pay this claim; and the facts as they appear in this record are such as to induce us to believe that the ends of justice may be subserved by a new trial.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur, except RUGER, Ch. J., dissenting, and RAPALLO, J., absent.

Judgment reversed.