Landon, J.
We think it was error for the plaintiffs to read in evidence the following certificate:
“I hereby certify that the dredge ‘Niagara’ has been employed the following time at dredging along the dock front, and channel leading to the same, for Messrs. Eonan & Sampson, at ice house, 1884:
August 1, 12 hours; August' 2, 12 hours; August 8, 12 hours; total time, 36 hours.
JOHN SAMPSON,
Superintendent.”
This certificate was not used for the purpose of aiding the memory of a witness, or as a substitute for his testimony of facts now forgotten, but known by him to be true, when he wrote the certificate; but it was used as the declaration of the defendant.
It would not be so used unless it was the act of the defendant. Of course, whatever the defendant did by another he did by himself. If the defendant and William Sampson had been actually partners, and John Sampson their superintendent of their ice-business, it would require evidence that he represented the defendants in the dredging work, in order to make his certificate their certificate, in reference to that work, and this evidence is lacking. But in fact John Sampson was employed by William, and the defendant and William were not partners, as between themselves, but were, as the referee held, ostensibly partners as to the plaintiffs. John as the servant of William, had no authority to give the plaintiff’s a certificate in which Eonan & Sampson were described as their employers. His act was in no sense Eonan’s act. Eonan may have permitted himself to be held out to their customers as a partner with William, and may therefore have permitted William’s servant in the ice-business to be held out as the servant of the ostensible firm, so as to have become hable for the servant’s * dealings with third persons within the scope of his service. But the plaintiffs did no work upon the faith of this certificate. After the work was done they procured John Sampson to make it. At best, it is but his narrative of a transaction already past, and is not evidence against this defendant. Pringle v. Leverich, 97 N. Y., 181. For the same reason the like certificate of John Shea with respect to further work done by thé ££ Niagara ” was also improperly received.
*422 We think it was error to allow the plaintiffs to prove that they charged this work on their books to Ronan and Sampson. The charge was made without defendant’s knowledge or" consent, was plaintiffs ex parte version of the transaction. If the defendant had first given evidence tending to show that no such claim was made against him until after William Sampson’s death there would have been some ground for this kind of evidence, but as it was, it was clearly inadmissible. Peck v. Van Keller, 76 N. Y., 604; Moore v. Meacham, 10 id., 207.
Upon the merits, the defendant rightly urges that since the referee found that Ronan and Sampson were not partners, in fact the defendant could only be held liable to the plaintiffs as partner by way of estoppel. Central Savings Bank v. Walker, 66 N. Y., 424; Cassidy v. Hall, 97 id., 159.
But we think the defendant cannot urge that no estoppel was shown. Sampson, one of the alleged firm, presented the plaintiffs a written request for their services signed by him in the firm name. In many other instances the defendant had allowed Sampson to use the same name. The defendant either consented to this use or suffered it by his negligence. In the case of his consent, according to the rule stated in Poillon v. Secor (61 N. Y., 456), he would be liable absolutely to every creditor; and in case of his negligence he would be liable to the creditor misled thereby.
The plaintiff offered to prove that when they received the request signed in the firm name they made inquiry of third persons respecting the existence of such a firm. The defendant objected upon the ground, among others, that the testimony was immaterial. The objection was sustained. The defendant ought not to be heard to complain that there was not proved what he procured the referee to hold, it was immaterial to prove. But the plaintiffs did prove that they rendered their services relying upon the credit of the supposed firm. These facts then concur; the defendant was held out to the plaintiffs as a partner; many cases exist in which the defendant permitted himself to be so held out; the plaintiffs believed he was truly so held out to them and gave credit accordingly. Whether the defendant’s negligence was not the direct cause of the plaintiffs being misled was a conclusion of fact to be drawn from the facts stated. But as there must be a new trial we need not pursue the subject.
Judgment reversed, new trial granted, reference discharged, costs to abide the event.
Learned, P. J., Mayham, J., concur.