CONKLIN *et al. v.* PROSPECT PARK HOTEL CO.

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

INNKEEPER—LIABILITY FOR GOODS SOLD TO SUCCESSOR—DUTY TO KEEP HOTEL OPEN.
  Defendant carried on the Prospect Park Hotel for a number of years, the business being conducted by a superintendent, and then leased it for a term of years to one S., who conducted it under its former name. S. had never been defendant's superintendent. Plaintiffs had previously sold groceries to defendant, and continued to sell them to S., assuming that he was a new superintendent. They charged the goods to him "by the name of the Prospect Park Hotel," and had no knowledge of the lease. Defendant did not, during the time, purchase any goods of plaintiffs, and no bill for goods was ever presented to it. *Held,* in an action for the price of the goods sold to S., that the doctrine of the liability of a retiring partner whose retirement is not known, had no application, and that defendant was not liable on the ground that it owed a public duty to keep the hotel open, which duty it could not escape by leasing the hotel.

Appeal from judgment on report of AUGUSTUS SHERMAN, referee.

This was an action for goods sold and delivered, brought by Benjamin F. and Charles Conklin against the Prospect Park Hotel Company. Judgment for defendant, and plaintiffs appeal.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*S. Crowell,* for appellants. *G. H. Jones,* for respondent.

LEARNED, P. J. The defendant is a corporation under a special act, with power to hold land for the purpose of conducting and carrying on a public hotel. Defendant bought land, and built an hotel, which it carried on from about July, 1870, as a summer hotel. The business was conducted by a superintendent. About April 1, 1882, defendant leased the property to one James Smith for three years, and he carried on the business during the seasons of 1882 and 1883. During all this time, the hotel, since its construction, has been known as "The Prospect Park Hotel." The plaintiffs and their predecessors in business sold groceries to the defendant from July, 1870, to the close of the season of 1881. During the season of 1882, they sold groceries to James Smith for the hotel, which were paid for. During the season of 1883 they also sold him groceries for the hotel, which have not been paid for, and to recover the value of which the action is brought. The plaintiffs supposed that the defendant was carrying on the business, and that Smith was its superintendent, and they charged the goods to defendant "by the name of the Prospect Park Hotel," and they did not know of the lease. The defendant did not, in the years 1882 and 1883, purchase any goods of the plaintiff, and no bill for goods was ever presented to defendant. Smith had never been a superintendent for the defendant. The plaintiffs claim that the defendant is bound by its apparent authority given to Smith. We see no such authority. If Smith had, question would have arisen; but he never had any authority, real or apparent, from defendant. And the lease gave him none. The familiar doctrine of the liability of a retiring partner whose retirement is not known

(*Pringle* v. *Leverich*, 97 N. Y. 181) has no application. It might, perhaps, have some application if Smith had previously been the superintendent; but no act of the defendant had given to Smith any apparent authority to act for it. He never had been its agent; and hence the plaintiffs had nothing to justify them in considering him to be the defendant's agent in 1882 and 1883. *Bodine* v. *Kelleen*, 53 N. Y. 93, is placed on the ground that the husband had previously been the agent of the wife. Hence his agency might be presumed to continue till notice to the contrary. The mere fact that defendant had carried on the business at this hotel by a superintendent did not authorize the plaintiffs to believe that another person, who had never been in defendant's employment, was also its agent. Nor can we see that there was any fraud or negligence on the part of defendant. True, the hotel went by the same name; but it is common to keep the same name, even though the proprietors change; and the fact that the name of the hotel is similar to the name of this defendant cannot make it liable for a debt it did not contract. That the plaintiff charged the goods to the Prospect Park Hotel, at the most, only shows that they thought the defendant was carrying on the business. It does not show that they were justified in thinking so; and such charge certainly did not exonerate Smith, who in fact bought and had the goods. The plaintiffs further urge that defendant had no right to lease its hotel, and hence is liable under the principle of *Abbott* v. *Johnstown*, 80 N. Y. 30. I do not think that the doctrine there laid down is intended to apply to every one of the numerous corporations of every kind existing in this state. For instance, it cannot be implied that a manufacturing company cannot lease a building which it owns; or that, if it does make such a lease, it becomes liable for goods bought by the lessee. The action last cited was for damages occasioned by negligence of the driver of a horse car, and it was held that the company was liable, although they had leased the road. This was on the ground, apparently, that the corporation owed the public a duty, in the office of common carriers, from which they could not be relieved by leasing the road. But in the present case there is no public duty in question. If the plaintiffs chose to sell goods to Smith, they were at liberty to do so, whether he carried on an hotel or not. If it could be claimed that the defendant owed any public duty, (as to which we doubt,) such duty was only to guests and travelers. If, for instance, Smith had unjustly refused to take in a traveler, and the traveler had sued the defendant, then there might be some analogy with the case last cited. Indeed, we are by no means certain that the charter imposes any duty on the defendant of carrying on the hotel. That question we need not consider. Judgment affirmed, with costs.

LANDON and INGALLS, JJ., concurring.