GRIGGS *et al. v.* SMITH *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. ACTION AGAINST RETIRED PARTNER—EVIDENCE—ADMISSIONS.

To subject a retired partner to liability for goods sold to the firm before the dis solution, declarations of the other partner, after the dissolution, are not admissible.

2. RULINGS ON EVIDENCE—ADMISSION OF INCOMPETENT TESTIMONY.

Error in admitting incompetent evidence of a cause of action is not obviated by the facts that the claim was otherwise abundantly established, and was not challenged by evidence to the contrary; nor by the fact that it was merely cumulative.

Appeal from judgment on report of referee.

Action by John M. Griggs and Isaac Griggs against Leonard W. Johnson and John G. Smith. Defendant Smith alone answered the complaint. Judgment for plaintiffs, and defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Kellogg, Rose & Smith,* (*L. Laflin Kellogg,* of counsel,) for appellant. *Johnston & Johnston,* (*Edward S. Johnston,* of counsel,) for respondents.

PRYOR, J. Action for goods sold and delivered. Leonard W. Johnson was a nominal defendant, but he defaulted in pleading, and died pending the action. The action proceeded against defendant Smith alone, who, by answer, traversed the substance of the complaint, and alleged a previous dissolution of his copartnership with Johnson, and notice thereof to plaintiffs. The action, then, is to subject a retired partner to liability for goods sold to the firm of which he was a member. The issues litigated in the trial were the amount of the goods delivered, and whether notice of the secession of defendant Smith from the firm of Leonard W. Johnson & Co. had been communicated to plaintiffs. Counsel for appellant submits an elaborate argument to establish that notice of the dissolution of the firm was given to plaintiffs, and that the proof of the delivery of the goods is insufficient to support the judgment; but, for the fatal error apparent in the record, discussion of these points is unnecessary. Upon substantially uncontradicted evidence the referee found that the copartnership of Johnson and Smith was dissolved on the 31st of July, 1888. It appears that part of the goods in question were delivered before the dissolution, and part afterwards; but, in disposing of the case, we assume that all were furnished while defendant Smith was still the partner of Johnson. On this concession the only issue in contestation would be the amount of goods supplied the firm. The referee ascertained the amount to be $2,321.67; and for that sum, with interest, he directed judgment against appellant. But in proof of their claim plaintiffs were allowed, despite appellant's objection, to introduce in evidence declarations of Johnson after the dissolution of the copartnership. On the 2d of August—the date of the dissolution was the 31st July—two attorneys had a conversation with Johnson in reference to the claim in controversy,—that is, the amount due plaintiffs for goods sold and delivered to the recent firm. One of them inquired of Johnson "whether the amount stated in the complaint was a correct claim against the firm of Leonard W. Johnson & Co.;" to which he answered, "Certainly it is." In corroboration of this witness the other testified that, in reply to the question whether the claim was correct, Johnson said, "Certainly; certainly." To this evidence exception was duly taken. That the declarations or admissions of one partner after dissolution of the firm are not competent evidence against the other is settled beyond controversy. "He may bind himself by his admissions, but as to his former partners, his agency, except for special purposes, is terminated by the dissolution, and his admissions are like those of a stranger, and they are not bound by them," (*Nichols* v. *White,* 85 N. Y. 531, 536;) and because of the error in receiving such admissions in evidence the judgment in the case cited was reversed. And in *Pringle* v. *Leverich,* 97 N. Y. 181, 186, the court say:

"After a dissolution of a firm by the retirement of one of its members, it is well settled that the surviving members cannot bind him by their admissions;" and here, too, for error in receiving such admissions, the judgment was reversed. Acc.: *Shaler* v. *Alden,* 5 Alb. Law J. 333; *Hogg* v. *Orgill,* 34 Pa. St. 344; 2 Lawson, Rights, Rem. & Pr. § 676, note 11. The suggestion that the admissions of Johnson were received only to disprove the dissolution, and so were competent evidence, is untenable; for—*First,* the evidence went directly to the cause of action, and not merely to the fact of dissolution; and, *secondly,* in their printed argument respondents adduce these admissions as competent and conclusive evidence of the correctness of the account and the liability of the appellant. Nor is the error in the admission of the evidence obviated by the facts that the claim was otherwise abundantly established, and was challenged by no contrary evidence on the part of appellant; for—*First,* the other evidence in support of the claim was of questionable competency, and of inconclusive effect; and, *secondly,* "it may be that there was, in fact, no doubt as to the amount of the indebtedness of the firm: but it was put in issue, and, objection having been taken, plaintiff was bound to prove it in a legal way. We see no answer to the objection, and, as an important rule of law was violated, we cannot ignore it." *Pringle* v. *Leverich,* 97 N. Y. 187. Neither may it be contended that the evidence was only cumulative, and so may not have been of any detriment to defendant, for, to obviate error in the admission of incompetent evidence, the court must see that the evidence could not by any possibility have affected the result, (*Waring* v. *Telegraph Co.,* 4 Daly, 233; *Foote* v. *Beecher,* 78 N. Y. 155;) and, if improper evidence be given upon the trial, though merely cumulative, it will be cause of reversal, (*Baird* v. *Gillett,* 47 N. Y. 186.) It nowhere appears in the case that the referee discarded or disregarded the objectionable evidence. The judgment must be reversed, and a new trial had, costs of appeal to abide the event.

All concur.