BENJAMIN DESBECKER et al., Respondents, *v.* DAVID M. CAUFFMAN et al., Appellants.

EVIDENCE — ADMISSION OF DEPOSITION IN SUPPLEMENTARY PROCEEDINGS AS AFFECTING CREDIBILITY OF WITNESS. In an action against a firm, composed of the two defendants, to recover the value of goods sold upon credit upon the faith of a written statement as to its solvency and responsibility, in which each defendant was sworn and examined generally as a witness in his own behalf upon the only issue as to whether such statements were false and fraudulent, the evidence of each, taken in pro-

ceedings supplementary to execution upon a judgment entered against the firm after the sale, is admissible against both for the purpose of affecting their credibility by showing conflicting statements.

*Desbecker* v. *Cauffman*, 54 App. Div. 629, affirmed.

(Argued January 16, 1902; decided January 31, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 15, 1900, affirming a judgment in favor of plaintiffs entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, re stated in the opinion.

*Abraham Benedict* for appellants. The trial court erred in excluding evidence of the information possessed by Cauffman concerning his partner's ownership of real property. (*Arthur* v. *Griswold*, 55 N. Y. 400; Benj. on Sales, 361, 390, §§ 429, 461a; Bigelow on Frauds, 62; *Marsh* v. *Falker*, 40 N. Y. 562; *Oberlander* v. *Spiess*, 45 N. Y. 175; *Meyer* v. *Amidon*, 45 N. Y. 169; *Wakeman* v. *Dalley*, 51 N. Y. 27; *Brackett* v. *Griswold*, 112 N. Y. 454; *Hotchkin* v. *T. Nat. Bank*, 127 N. Y. 329; *Daly* v. *Wise*, 132 N. Y. 306; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Townsend* v. *Felthousen*, 156 N. Y. 620.)

*Louis E. Desbecker* and *Simon Fleischmann* for respondents. The trial court did not err in excluding evidence of the information possessed by Cauffman concerning his partner's ownership of real property. (17 Am. & Eng. Ency. of Law, 1068; *Griswold* v. *Haven*, 25 N. Y. 595; *Fairchild* v. *McMahon*, 139 N. Y. 290; *Miller* v. *Barber*, 66 N. Y. 558; *Chester* v. *Dickerson*, 54 N. Y. 1; *Krum* v. *Beach*, 96 N. Y. 398; *Wakeman* v. *Dalley*, 51 N. Y. 27; *Garner* v. *Mangam*, 93 N. Y. 642; Kerr on Frauds & Mistakes, 137; *Hadcock* v. *Osmer*, 153 N. Y. 604; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Robinowitz* v. *Cohen*, 44 N. Y. S. R. 123.)

O'BRIEN, J. This was an action to recover the value of certain merchandise sold by the plaintiffs to the defendants

upon credit. It is alleged that the sale was made to the defendants and the credit given upon the faith of a certain statement in writing as to the defendants' solvency and responsibility; that such statement was false and fraudulent and that the debt which the plaintiffs sought to enforce was fraudulently contracted. The defendants in their answer admitted that they were partners in business; that as such partners they made and delivered to the plaintiffs the statement in writing as to their financial condition, which was set forth at length in the complaint; also, that the plaintiffs sold and delivered to them the goods and merchandise described of the value stated in the complaint upon the credit therein stated, but they denied that the debt was fraudulently contracted, or that any of the statements made to the plaintiffs at the time of the sale were fraudulent. The pleadings presented but a single issue or question of fact, and that was with respect to the fraud which it was claimed that the defendants practiced upon the plaintiffs in obtaining the delivery of the goods to them upon credit. The plaintiffs gave proof at the trial tending to show that the statements, upon the faith and credit of which the sale was made, were in fact false and fraudulent, and in this condition the case was submitted to the jury, and a verdict was found for the plaintiffs, upon which judgment was entered, and it was unanimously affirmed at the Appellate Division. This appeal presents no question upon the merits. All of the allegations of the complaint that were put in issue have been determined in the plaintiffs' favor by the verdict of the jury, and that finding is made conclusive upon this court by the unanimous affirmance on appeal below.

None of the exceptions taken at the trial require any notice except one, and that, although a very narrow one, is relied upon by the learned counsel for the defendants as a ground for the reversal of the judgment in this court. The goods were delivered to the defendants in pursuance of the contract in the early part of September, 1897. In the early part of the following January the defendants failed without having paid for the goods. It appears that the failure was brought

about by the confession of judgments on the part of the defendants to the wife of one of the defendants and some other members of the family of one or both of the partners. In pursuance of these judgments and the executions issued thereon, the sheriff took possession of the goods on hand for the purpose of selling them and satisfying executions. The defendants operated two country stores, one at Warsaw and the other at Ellicottville. One of the stores was in charge of one of the defendants and the other defendant had charge of the other store. It appears that in the month of May, 1898, both of the defendants, constituting the partnership firm, were examined in proceedings supplementary to execution instituted in behalf of some judgment creditor. Depositions signed by each of the defendants were produced at the trial of this action and offered in evidence by the plaintiffs. The defendants' counsel objected to the deposition of the defendant Cauffman as evidence against the defendant Strauss and the deposition of the defendant Strauss as against the defendant Cauffman, and offered to show that the partnership terminated before the depositions were taken. The court stated that the depositions were competent against each one of the parties making them, and so the depositions were received as evidence. The defendants' counsel then stated that the point of his objection was that the deposition of one of the partners should not be received against the other. To this objection the court replied: " We will dispose of that question later on when we get to it." This ruling seems to have been acquiesced in and no further objection was made to the testimony given by the defendants in the supplementary proceedings until all the evidence was closed. Each of the depositions contains statements bearing upon the actual condition of the firm at the time of the sale of the goods by the plaintiffs. The testimony was offered no doubt for the purpose of showing that the statement delivered by the defendants' firm to the plaintiffs, in order to induce a sale upon credit, was false and fraudulent. At the close of the plaintiffs' testimony the defend-

ants' counsel moved for a nonsuit as to each of the defendants separately, upon the ground that there was no evidence that the representations made by the defendants were false, or that the defendants knew the representations to be false, or that they intended to deceive or defraud the plaintiffs. The court denied the motion and the defendants' counsel excepted. Each of the defendants was then sworn as a witness in their own behalf and gave testimony in explanation or in justification of the statement made by them or the firm to procure the credit and induce the sale. The defendants gave their version of the transaction fully, and, while it was not claimed that the statement was true, the tendency of the proof in their behalf was to show either that they were honestly mistaken or had some reason to believe that it was true. At the close of all the proof the defendants' counsel called the attention of the court to the fact that he had reserved the question whether the depositions in the supplementary proceedings of one of the defendants could be held to affect his partner and *vice versa*. To this suggestion the court replied as follows: " I think it can be. I think in this case, of course, whatever statement was made by either one of these partners, if it was a false statement, made with the intent to procure goods from these plaintiffs in this case, is binding on the partner, whether he knew anything about it or not, because he cannot take the benefit of the partner's act without adopting the means by which it was secured, and that being so I think the admission of either one of the partners is evidence against the other." To this ruling the defendants' counsel excepted. The statement of the learned trial judge that the representations or statements as to the financial responsibility, though made by one of the defendants in the name of the firm, bound the partnership, was doubtless correct. This was not the question, however, which the defendants' counsel sought to raise. The depositions in the supplementary proceedings were simply admissions of the persons signing them, and the question was whether admissions of one partner are admissible against his copartner. It will be seen

that this question was not raised until all the testimony in the case was in, and the exception is not directed to any particular part of either deposition. The attention of the court was not called to any particular thing that either deposition contained which was open to the objection. He asked the court virtually to rule and decide that no part of either deposition was admissible in evidence for any purpose in the case except as against the party making it. I think that the rule embraced in the defendants' objection and exception was altogether too broad, and that there was no error of law in the ruling of the learned trial judge adverse to the defendants in this respect. In the first place the action was brought upon a joint obligation. The plaintiffs were bound to prove a cause of action against the partnership, and unless they gave such proof, they must fail in the action. The complaint could not be sustained by proof of an individual liability of either of the partners, and, hence, the contention of the learned counsel for the defendants, that the deposition was admissible only against the individual making it, would seem to be based upon the idea that in an action against the partnership firm proof might be given of an individual liability of one of the partners. It is difficult to understand the reason or principle upon which this contention is based. The logical conclusion would seem to be that testimony which is not admissible against a firm would not be admissible under the complaint against one of its individual members, since the action was not against the individual, but against the legal entity which is implied in the partnership. Of course, in actions, where the liability is several as well as joint, the rule might be different, but in an action to recover a debt against a partnership firm I am unable to see why evidence should be admitted applicable only to an individual liability.

I think that the ruling of the learned trial judge, upon the request or motion made by the defendants' counsel at the close of the case, was correct. It is not true that the deposition of one partner was inadmissible against the firm, and that is the precise question upon which the court was required to rule. The

admissions of one partner concerning the partnership affairs are evidence against the firm when made during the existence of the partnership. (Schumacker on Part. 281; Story on Part. § 107; Bates on Part. §§ 331, 332; Parsons on Part. § 126.) The learned author last named states the rule as follows: "As a partner may act for his firm by his general authority so, as we have already seen, his representations, acknowledgments, admissions, part-payments, notices given or received, and all other things on which rights or obligations may be founded, are binding upon the partnership." This is the rule as to admissions made by a member of a firm during the existence of the partnership. After a dissolution, however, the right of one partner to bind his copartner by admissions with respect to previous transactions ceases. (Story on Part. § 323; Parsons on Part. § 128; *Nichols* v. *White*, 85 N. Y. 531.) When the learned counsel for the defendants first objected to the admission of the depositions, we have seen that no ruling was made, and the question was reserved for the close of the case, but he stated that he would give proof tending to show that the partnership had been dissolved in January, 1898. It is apparent, however, that he failed to give any proof of this kind. It is evident that what he meant by this suggestion was that the firm had ceased to do business when the sheriff had taken possession of the property under the executions. But a partnership firm is not dissolved by the confession of judgments for the benefit of creditors. So far as the record shows, the partnership existed in May, 1898, when the depositions were taken. The only way that the learned counsel for the defendants could exclude the depositions, therefore, was to show that at the time they were taken the partnership had been dissolved and terminated, and as he failed to do this he had no right to the ruling that he asked the court to make. This court will not assume that an error was committed in this respect by the trial judge, but will presume that the ruling was correct until the contrary is made to appear.

But the learned trial judge properly refused to rule and decide, as requested by the defendants' counsel, for another

reason.   The depositions were admitted for a double purpose.
*First.* As admissions of the partner. whether they were bind-
ing on the firm or only on the individual making them.
*Secondly.* Each deposition was admissible for the purpose of
affecting the credibility of the person making it, inasmuch as
both of the partners were sworn and examined generally as
witnesses on the trial of this action.   The jury had the right
to compare the testimony given by them upon the stand with
the depositions that they had signed and sworn to immediately
after the failure, and if there was a conflict between the state-
ments given upon the stand and the statements of the depo-
sitions, to that extent the credibility of the defendants as wit-
nesses in their own behalf was affected.   Hence, it is not true
that the depositions were admissible only as admissions.   They
were equally admissible for the purpose of affecting the credi-
bility of the witness who testified, not in his own behalf merely,
but generally as a witness in behalf of the firm.   (*Wright* v.
*Vostrand*, 94 N.Y. 31.)   It was held in that case that a deposi-
tion of one of the defendants taken in proceedings supplemen-
tary to execution, like those involved in this case, was admissible
in evidence, not only against the party who signed it as an
admission, but also against *all the defendants*, for the purpose
of affecting his credibility by showing conflicting statements,
and, hence, the motion made by the defendants' counsel to
limit the effect of the deposition entirely to a bare admission
against the party making it was altogether too broad and was
properly denied.   But if all this were otherwise, and it be
assumed for the purpose of the argument that the ruling of
the learned trial judge is infected with some error, it was of
the most technical and unsubstantial character.   It is difficult
to perceive how court or jury could have solved the problem
presented by the request.   The action was not against indi-
viduals, but a partnership composed of the two defendants,
and the question was whether there was a partnership liabil-
ity.   The written admissions of both defendants out of court
were given in evidence, and they were also sworn at the trial
as witnesses, not each for himself, but generally as witnesses

to disprove the plaintiffs' case.  Thus admissions out of court and testimony in court were commingled together and the counsel who made the request gave the court no light as to the precise thing that he wanted by pointing out any objectionable statement in either deposition, or otherwise.  He contented himself with requesting the court to separate by some mental process the effect of the admissions as evidence and assign to each partner his proper share of liability in a case where a several judgment was impossible, ignoring the fact that each deposition was competent against all the defendants generally as affecting the credibility of each of the partners as witnesses in the case.  I fail to see how the exception presents any question that would warrant this court in interfering with the judgment, and so, I think, it should be affirmed, with costs.

GRAY and HAIGHT, JJ. (and PARKER, Ch. J., BARTLETT, MARTIN and VANN, JJ., on the ground that evidence in supplementary proceedings was admissible to affect the credibility of witnesses, and for that purpose it was admissible as to both), concur.

Judgment affirmed. _____