(87 Misc. Rep. 448)

PEOPLE ex rel. KEISLER v. MOSCOWITZ et al.

(Supreme Court, Special Term, New York County. November 7, 1914.)

1. MUNICIPAL CORPORATIONS (§ 217*)—AGENTS AND EMPLOYÉS—CIVIL SERVICE COMMISSION—POWERS.

 Where a person who had passed a civil service examination had been guilty of questionable business transactions, resulting in a suit against him, in which it was stipulated that a simple judgment as for money had and received should be entered against him, such judgment did not prevent the municipal civil service commission from examining the evidence adduced on such trial in passing on his fitness for a position in the civil service, and in determining whether his name should be removed from the eligible list.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. § 217.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 217*)—AGENTS AND EMPLOYÉS—MUNICIPAL
CIVIL SERVICE COMMISSION—REVIEW OF ACTS.

Under Const. art. 5, § 9, providing that appointment and promotions in
the civil service shall be according to merit and fitness, to be ascertained
by examinations, and the Civil Service Law (Consol. Laws, c. 7), author-
izing civil service commissions to refuse to certify applicants lacking
certain qualifications, or who have been guilty of infamous or disgraceful
conduct, a municipal civil service commission had power to pass upon an
applicant's fitness of character, as well as his mental efficiency, and its
judgment in the matter will not be interfered with, unless arbitrary.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
576, 577, 579, 580; Dec. Dig. § 217.*]

Mandamus by the People, on relation of Leo Keisler, against Hen-
ry Moscowitz and others, constituting the Municipal Civil Service
Commission. On motion for peremptory writ. Motion denied.

John T. Loew, of New York City, for relator.

Frank L. Polk, and Henry J. Shields, Asst. Corp. Counsel, both of
New York City, for respondents.

GAVEGAN, J. Motion for a peremptory writ of mandamus di-
recting respondents, constituting the municipal civil service commis-
sion of the city of New York, to restore relator's name to the eligible
list for the position of court attendant.

[1, 2] Relator took part in and passed the examination held by re-
spondents and was placed on the eligible list. Thereafter respondents
examined into the character of relator, and after such examination re-
moved his name from said eligible list. Article 5, § 9, of the state Con-
stitution, provides in part:

"Appointment and promotions in the civil service of the state, and of all
the civil divisions thereof, including cities and villages, shall be made ac-
cording to merit and fitness to be ascertained so far as practicable, by ex-
aminations. * * *"

In pursuance of this section of the Constitution the Civil Service
Law was enacted, and it provided among other things, that the civil
service commission should have the power to refuse to certify appli-
cants who lack certain qualifications, or who have been guilty of infa-
mous or disgraceful conduct, or who have practiced any fraud in se-
curing their eligibility or appointment. Pursuant to these provisions
the respondents examined into the relator's character, and for reasons
which developed from said examination ordered that his name be
stricken from the eligible list. Subsequently, at his request, a rehear-
ing was given the relator, but without changing the respondents' deci-
sion.

While respondents gave no special reasons for removing relator's
name from the eligible list, it is apparent that questionable business
transactions between the relator and one of his associates greatly in-
fluenced the respondents in their decision. These transactions resulted
in a suit against the relator, at the trial of which counsel for both sides
stipulated that a simple judgment as for money had and received be
entered against relator. Said judgment was never paid, and has been
included by relator in the schedule accompanying his petition in bank-

ruptcy.   I do not think the judgment in the action in the Supreme Court is binding on the respondents to the extent of precluding them from examining into the evidence which was adduced.   In Desbecker v. Cauffman, 169 N. Y. 547, 62 N. E. 674, depositions in supplementary proceedings were held to be properly admitted on a subsequent trial against the parties making the depositions, either as admissions or as affecting their credibility.   I am of the opinion that in the hearing before the respondents the same principles are applicable, and that any testimony adduced at the trial of the action in the Supreme Court should be admissible in order to determine the character of the relator as well as his veracity and credibility.

Moreover, relator in his examination before the respondents admitted that the judgment in the Supreme Court was not on the merits.   Respondents' power to pass upon the fitness of candidates includes fitness of character as well as mental efficiency.   They are the sole judges in the matter, and the court will not interfere, unless their determination is arbitrary, any more than it would interfere with respondents' determination on the question of relator's mental and physical qualifications after an examination.   I do not consider that respondents' action was arbitrary.

Motion denied.