In the Matter of FREDERICK A. DEWEY, Petitioner, against ROLLIN BROWNE et al., Constituting the Tax Commission of the State of New York, Respondents. — This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission imposing assessments of the unincorporated business tax against petitioner for the years 1940–1941. Petitioner is engaged in the business of a consultant. The services which he engages to perform are described by him as " Consultant on Investments (A Professional Service) ". Petitioner offers to sell his experience in an endeavor to advise people on making successful investments. He argues that in this pursuit he uses a knowledge of economics, statistics, accounting and engineering and that his work therefore falls into that of a profession. The State Tax Commission determined that petitioner is not entitled to have accorded to him a professional status. The evidence sustains the determination. Determination confirmed, with $50 costs and disbursements. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS MICIELI, Appellant, against BLAKELY R. WEBSTER, as Superintendent of Dannemora State Hospital, Respondent.— Appeal by relator from an order of the Supreme Court at Special Term, Clinton County, dismissing a writ of habeas corpus. Relator claims double jeopardy. On March 22, 1938, he was convicted in the Court of General Sessions, New York County, after a trial by jury, of the crime of possessing burglar's tools in violation of section 408 of the Penal Law. This crime was a felony because he had previously been convicted of grand larceny in 1921. On May 20, 1938, he was sentenced upon this conviction for a term of not less than seven nor more than fourteen years. Between the date of his conviction for the foregoing offense, that is March 22, 1938, and the date of his sentence on May 20, 1938, he was, strangely enough, tried on March 28, 1938, in the Court of Special Sessions for the offense of unlawful entry. This offense undoubtedly arose out of the same occurrence involving the possession of burglar's tools. He was convicted in Special Sessions and sentenced on May 9, 1938, to an indefinite term in the New York County Penitentiary. Thereafter he was found insane and transferred to the Matteawan State Hospital. In 1941 he was released on a writ of habeas corpus from Matteawan and remanded to the Warden of Sing Sing Prison to begin the sentence imposed upon him by the Court of General Sessions. Later he was transferred to the Dannemora State Hospital. Although the record does not show the reason for his release from Matteawan we assume the reason may have been that his conviction in Special Sessions was invalid. The court below has held that the conviction in Special Sessions was invalid in that relator had been tried in General Sessions for substantially the same offense. He also held that the judgment of the Court of General Sessions was valid but that relator was entitled to credit against the sentence of that court for all the time he was incarcerated from May 20, 1938, the date of the felony sentence, until he actually reached Sing Sing Prison. Allowing credit for this time the maximum sentence of fourteen years has not yet expired. Order affirmed. All concur.