In the Matter of PAUL T. CHERINGTON et al., Copartners under the Name of CHERINGTON, ROPER AND WOOD, Petitioners, against MARK GRAVES et al., Constituting the Tax Commission of the State of New York, Respondents.— This proceeding is brought under article 78 of the Civil Practice Act and article 16-A of the Tax Law, to review the determination of the State Tax Commission which imposed assessments against petitioners — members of a partnership — as an unincorporated business concern for the years 1935 and 1936. Petitioners style themselves as marketing consultants. None of the partners are accountants. The petitioners say that their activities could be conducted under corporate form. They say they were not required to secure a permit or license to do business as marketing consultants. The Tax Commission has determined that petitioners are not entitled to exemption of a professional status. The record sustains that determination. Determination of the State Tax Commission confirmed, with $50 costs and disbursements. All concur.

In the Matter of CODAY FARMS, INC., Appellant, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— This is a review under article 78 of the Civil Practice Act of an order denying petitioner's application for an extension of its milk dealer's license to permit petitioner to erect and equip a milk plant in the Town of Newport, Herkimer County. The commissioner denied the application on the ground that the change would result in destructive competition in a market already adequately served and that it was not in the public interests. The evidence sustains that finding. Determination confirmed, with $50 costs. Heffernan, Foster and Lawrence, JJ., concur; Hill, P. J., and Brewster, J., dissent, in the following memorandum: There were good and sufficient reasons shown by the applicant for making the comparatively slight change in the location of its plant, the modernization of which could be but in the public interest. The reasons for the change in location were many and compelling. Public interest generally insofar as sanitation, etc., would be promoted and the local public interest as regards the customers of the applicant, greatly advantaged in convenience and the efficiency of their operations. To say that the comparatively slight change in geographical location would result in ruinous competition in a market already adequately served is unjustified in view of the size of applicant's operations and under the circumstances of its business.