Deyo, J.
Petitioner is a consultant in matters of corporate finance and reorganization, rendering services to various clients for which he is paid fees. The Tax Commission has held that he is conducting a business rather than practicing a profession and is subject to the unincorporated business tax.
Petitioner contends that article 16-A of the Tax Law imposing such tax is unconstitutional, in that it violates the “ due process ” clause of the Federal Constitution (U. S. Const., 14th Amendt., § 1), and the “ equal protection ” clause of the State document (N. Y. Const., art. I, § 11).. Although the legislation imposing this tax has been interpreted by the courts on numerous occasions, the constitutional question does not seem to have been raised, or at least specifically passed upon.
“ Due process ” is claimed to be violated on the theory that the petitioner, as an individual, has a natural and inherent right to engage in business which may not be made subject to license or tax. The breadth as well as the fallacy of this contention is self-evident, when we consider the vast amount of public revenues derived from assessments against private property, the ownership of which is just as fundamental a right as is the right to labor. The power of taxation is coextensive with sovereignty and may be directed against “ the exercise of personal rights and privileges.” (Carmichael v. Southern Coal & Coke Co., 301 U. S. 495, 508.) The State retains a wide discretion in selecting the subjects of taxation, “ particularly as respects occupational taxes.” (Oliver Iron Mining Co. v. Lord, 262 U. S. 172, 179.) It may select or exempt without constitutional limitation whatever business classifications it deems proper, and so long as all persons similarly situated are treated equally, there can be no complaint. Section 386-a of the Tax Law imposes these taxes upon the net income of “ any unincorporated business ”, The tax was intended as a corollary to the previously existing franchise tax on corporate business and their cumulative effect is to subject to taxation all income derived from carrying on business within the State as distinguished from income from other sources. Indubitably, the State has authority to impose a tax on all businesses, corporate or otherwise. There seems to *40 be no valid reason why the same result could not be attained piecemeal within the framework of the Constitution.
Claimant contends that'the exemption of certain occupations is a denial of “ equal protection.” He argues that the legislative intent behind article 16-A of the Tax Law was to tax non-corporate enterprises which would have been taxable if carried on by a corporation. (People ex rel. Tower v. State Tax Comm., 282 N. Y. 407, 409.) Therefore, he says, the exemption under the regulations (Unincorporated Business Income Tax Regulations, art. 6, question 39) and by the courts (Matter of Geiffert v. Mealey, 293 N. Y. 583; Matter of Teague v. Graves, 287 N. Y. 549), of certain enterprises from which corporations are not barred, is discriminatory and unconstitutional. The fallacy of this argument is that no business has been declared exempt. The distinction which the Legislature, the Tax Commission and the courts have consistently drawn, is between a business and a profession. If an individual is engaged in the former, he is taxable; if he is practicing the latter, he is exempt. All those conducting unincorporated businesses are in the same taxable category, and those practicing professions are, with certain qualifications, exempt, whether the professional pursuit be open to a corporation or not.
Even if the line of demarcation did cut across the business field, there would still be no constitutional violation. As Mr. Justice Stone said, in Carmichael v. Southern Coal & Coke Co. (301 U. S. 495, 509, supra): “ Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation [cases cited]. This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation.”
Furthermore, it is difficult to see in what way petitioner would be affected by any such discrimination, even if it did exist. He is neither a corporation whose unincorporated competitor has been granted exemption, nor is his occupation a profession which entitles him to be excluded from the application of the tax. Since it has been found, as will be later noted, that his activities are not professional in nature, he is being taxed on the same basis as other unincorporated businesses. Only those affected by alleged unconstitutionality are in a position to complain. (People v. Beakes Dairy Co., 222 N. Y. 416, 429.)
There is no such uncertainty in the application of article 16-A of the Tax Law as to result in a denial of due process. Section 386 of the Tax Law excludes cases where 80% of the *41 gross income is derived from the practice of a profession. "What constitutes the practice of a profession in this regard has already been interpreted on more than a dozen occasions. The courts have evidenced not the slightest difficulty in making a definite appraisal of a given occupation on its facts and in accordance with settled principles of law. Certainly it would amaze those tribunals to learn that the statute which they have been repeatedly interpreting is so vague and meaningless as to be unconstitutional.
The Tax Commission has determined that petitioner is not engaged in a professional pursuit, but is carrying on a business, and hence, is subject to the unincorporated business tax. During his undergraduate days petitioner specialized in law and economics, but did not graduate. He then engaged in ranching, and subsequently, in the making of livestock and mortgage loans. Eventually he accepted employment with an investment banking house and took their course in corporate finance. He worked in the investment banking business for some ten years and was primarily concerned with corporate financial structures. For some three years he was employed in executive capacities by corporations, supervising and reorganizing their corporate investments and structures. He opened his own office in 1940, as a professional consultant in matters relating to corporate finance and reorganization, selling his talents in this field to such clients as cared to avail themselves of his services. The skill and acumen which he has gained is the result of his business experience. His knowledge was not acquired through formal education or special instruction and study. His preparation and his work is closely akin to that of the investment counselor (Matter of Dewey v. Browne, 269 App. Div. 887), the market consultant (Matter of Cherington v. Graves, 269 App. Div. 888) and the specialist in office management (Matter of Pennicke v. Mealey, 266 App. Div. 888), all of whom were held to be engaged in business rather than in professional pursuits. His preparation, training, and the type of services rendered do not measure up to the test laid down in People ex rel. Tower v. State Tax Comm., (282 N. Y. 407, supra) where the court said, at page 412, in denying professional dignity to a customhouse broker, “ We find nothing in the record to prove that the service rendered by a customhouse broker requires knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study. Such a requirement we regard as implicit in *42 the term ‘ professional ’ when given its legal application and it is read in its context in the statute here involved.”
During the period involved petitioner also served as a director and officer of certain corporations by which he was retained as consultant. The commission has found that his compensation from such employment was in furtherance of and constituted receipts from his regular business as consultant. We find nothing in the record to warrant any contrary conclusion.
The determination of the State Tax Commission should be confirmed, with $50 costs and disbursements.
Heffernan, J. P., Brewster, Santry and Bergan, JJ., concur.
Determination confirmed, with $50 costs and disbursements.