■ In the Matter of EDMUND J. McCORMICK, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.— This is a proceeding under article 78 of the Civil Practice Act and Tax Law to review a final determination of the State Tax Commission which sustained assessments against petitioner for unincorporated business taxes for the years 1947 and 1948. The sole question presented is whether petitioner is entitled to an exemption for taxes imposed under article 16-A of the Tax Law on the

ground that he is practicing a profession. Petitioner's personal income tax returns for the years 1947 and 1948 listed his occupation as "management engineering" and "management engineer". Petitioner apparently does business under the title of McCormick and Company. He himself has never received any engineering degree and he is not licensed to practice the profession of engineering in this State. While the record is somewhat nebulous as to the precise nature of petitioner's consulting activities they are apparently intimately connected with the functions of industrial management, and thus deal with the conduct of business itself. We are unable to find anything in the record to establish that petitioner's activities come within the sphere of a professional exemption from the unincorporated business tax provided for by section 386 of the Tax Law. It has been held in a number of cases that it was never the legislative intent and purpose of the exemption clause to create professional exemptions to consultants who undertake to advise management as to its business or industrial affairs (*Matter of Pennicke* v. *Mealey*, 266 App. Div. 888; *Matter of Dewey* v. *Browne*, 269 App. Div. 887; *Matter of Booz* v. *Bragalini*, 2 A D 2d 639, motion for leave to appeal denied 2 N Y 2d 705). Determination unanimously confirmed, with $50 costs and disbursements. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.