## Third Department, November, 1943.
### (November 10, 1943.)

In the Matter of the Application of Herman DeVries, Petitioner. Mark Graves et al., Constituting the Tax Commission of the State of New York, Respondents.

Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents in opinion in which Hill, P. J., concurs.

SCHENCK, J. (dissenting). This is a proceeding to review the determination of the State Tax Commission denying petitioner's application for cancellation and for refund and readjustment of the accounts audited by respondents for taxes under article 16-A of the Tax Law for years 1935, 1936 and 1937.

The sole question involved is whether as a matter of law petitioner's activities and occupation are such as to exempt the income therefrom from the unincorporated business tax.

Section 386 of article 16-A of the Tax Law defines unincorporated business but excludes from such tax " the practice of law, medicine, dentistry, architecture which under existing law cannot be conducted under corporate structure, and any other case in which more than eighty per centum of the gross income is derived from the personal services actually rendered by the individual or the members of the partnership or other entity in the practice of any other profession and in which capital is not the material income producing factor."

The petitioner in his income tax returns designates his activities as that of "Furniture Designer and Traveling Consultant" and it appears from the record that his income as such is derived from his personal services rendered in carrying out the practice of his vocation and that capital is in no wise a material income producing factor. Petitioner studied designing in the Ambacht School in Holland and the Chicago Art Institute. It is contended by the respondents that his activities did not constitute the practice of a profession within the meaning of the statute and that there is no obstacle to the carrying on of such activities in corporate form. Aside from the fact that his income from his activities as a furniture designer and traveling consultant is wholly derived from personal services, it is apparent that he is engaged in the practice of a profession. True, the statute excludes but the practice of law, medicine, dentistry and architecture, yet there are many other recognized professions, such as accounting, engineering, optometry, pharmacy and teaching. As I read the record this petitioner could well be classed as an artist whose creative achievement in art is the sole source of his income. His work includes the creation of original designs which are accepted by furniture manufacturers and from which furniture of the design and pattern, the result of his creative ability, is manufactured and sold. He is not a manufacturer of furniture in any sense of the word and the only thing he has to sell is his skill and ability developed by study and experience. He has no place of business except a studio in New York City and has but one employee, his son, who expects to follow his father's vocation. It is true that in addition to designing furniture he consults with the manufacturers and, undoubtedly, gives advice as to actual construction work. But wherein does he differ from the sculptor who models an ornamental vase and who consults with the pottery or earthenware manufacturer and advises him as to the size, coloring and quality of material to be used in the finished product, or the artist who by his creative attainments produces murals for the interior of a building and is given complete supervision of the installation of the same? The costume designer, whose artistry produces the costumes to be used in theatrical productions not only creates

the costume but necessarily consults with the garment manufacturer and determines the quality and texture of the goods to be used.

The fact that this petitioner devoted a considerable portion of his time in traveling and consulting with furniture manufacturers does not take him out of the category of a designer. He does not hold an architect's certificate nor has he received a license as a furniture designer. He is not unlike the petitioner in *Matter of Teague* v. *Graves* (261 App. Div. 652, affd. 287 N. Y. 549), involving the occupation of a man who termed himself an industrial designer. In that case this court held that his vocation is a profession rather than a trade or business.

Respondents point out that his compensation " is on a commission basis depending on sales of the furniture products ". Wherein does he differ from the novelist or textbook writer, whose compensation, though dignified as royalties, nevertheless is dependent upon the sale of books? Undoubtedly, the author may and does consult with the publisher and give advice as to size of volume, character of illustrations and binding, to the end that the basic manuscript may develop into a " best seller ".

Reference is made to *People ex rel. Tower* v. *State Tax Commission* (282 N. Y. 407) which affirmed this court's decision (257 App. Div. 1064) that a customhouse broker practices no profession within the meaning of the statute. The court there held that no special education was required to qualify as a customhouse broker, that the only requirement is to be able to satisfy the Treasury Department of good reputation and that applicant is possessed of business integrity and a knowledge of customs law and procedure, that such knowledge is readily acquired by close, intelligent attention to daily business transactions and current governmental regulations and that any person of normal intelligence can readily attain the requirements necessary to perform such service. LEWIS, J., writing for the court says at page 412: " We find nothing in the record to prove that the service rendered by a customhouse broker requires knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study. Such a requirement we regard as implicit in the term ' professional ' when given its legal application and it is read in its context in the statute here involved."

Clearly, the *Tower* case has no application here. To reach the position petitioner has achieved as a furniture designer has required prolonged courses of specialized instruction and study, as a result of which he has acquired knowledge of an advanced type in a given field of learning. He is not a mere craftsman any more than the artist, the sculptor or the industrial designer. He creates original work by reason of his own attainments and any resultant income is due to personal services rendered by him and in which capital is not a material producing factor.

The determination of the State Tax Commission should be annulled and the tax canceled, with fifty dollars costs and disbursements.