In the Matter of HYMAN ADELSBERG et al., Doing Business as ADELSBERG & Co., Petitioners, against SPENCER E. BATES et al., Constituting the Tax Commission of the State of New York, Respondents.— A proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission imposing unincorporated business taxes upon petitioners for the years 1941 and 1942 under article 16-A of the Tax Law. Petitioners, as copartners, claim exemption from an unincorporated business tax on the ground that the petitioner, Hyman Adelsberg, acting for the partnership, was engaged in a professional occupation. This petitioner claimed to be a valuation expert who by reason of specialized study and knowledge is equipped to handle complex problems relating to the evaluation of real property. Giving every favorable intendment to the claim of petitioners, and conceding the ability of the petitioner, Hyman Adelsberg, as a valuation expert, we find no cogent ground for holding that the latter was engaged in the practice of a profession. Determination unanimously confirmed, with $50 costs and disbursements. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.

■

FRANK A. NOVAKOWSKI et al., Respondents, v. EDWARD S. KLAUSNER et al., Appellants.— Defendants have appealed from a judgment of the Chemung Special Term of the Supreme Court holding that plaintiffs are entitled to specific performance of contracts for the purchase of certain tracts of real property upon payment by them of the amount due under the contracts. The judgment under review also determines the amount so due. The contracts in the four cases are identical except as to the names of the purchasers, the description of the property, and the amount to be paid in each instance. The agreement consists of twenty paragraphs, the first thirteen of which have to do simply with leases of the premises. Those provisions never became operative because plaintiffs and defendants entered into agreements for the purchase of the respective properties. The contract is ambiguous. It represents the language of the defendants and should be construed most strongly in favor of plaintiffs (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Gillett* v. *Bank of America*, 160 N. Y. 549). Paragraph 14 of the contract has to do with the method of computing the amount due thereunder. Subdivision (a) of paragraph 14 is definite and certain as to the amount to be paid in each instance. Subdivision (b) is likewise clear. Subdivision (c) is so ambiguous and so confusing as to render it unintelligible. The Trial Judge in the judgment rendered fixed the amount due under each of the four contracts. In our opinion, in doing that, he arrived at a perfectly just and reasonable result and has fairly interpreted the contract in question. Judgment affirmed, with costs to the plaintiffs. Present — Foster, P. J., Heffernan, Bergan and Coon, JJ.; Deyo, J., not voting.