In the Matter of NICKOLAUS L. ENGELHARDT, SR., et al., Petitioners, against SPENCER E. BATES et al., Constituting the State Tax Commission, Respondents. —Two proceedings under article 78 of the Civil Practice Act to review a final determination of the State Tax Commission sustaining the assessment against petitioners of the unincorporated business tax under article 16-A of the Tax Law have been consolidated in an order under section 1296 of the Civil Practice Act, transferring them to this court for disposition. The proceeding by Nickolaus L. Engelhardt, Sr., involves the years 1946 and 1947. That by the partnership involves the period from November 1 to December 31, 1947. Petitioners describe themselves as educational consultants in school building planning or as educational building consultants and refer to their activities as "educational plant engineering". It is their claim that such activities constitute the practice of a profession so as to render their consequent income therefrom exempt from the above tax by reason of the exclusionary provisions of section 386 of the Tax Law. The commission determined that their occupational activities do not constitute the practicing of a profession within the meaning and intent of such section. Petitioners rely on *Matter of Teague* v. *Graves* (261 App. Div. 652, affd. 287 N. Y. 549) and *Matter of Geiffert* v. *Mealey* (293 N. Y. 583) to support the claim that their activities possess every characteristic of a profession specified in the decisions of the court. It might be noted that those cases afforded the respective petitioners professional status after the showing that various colleges and universities maintained regular courses of specialized instruction (see *People ex rel. Tower* v. *State Tax Comm.,* 282 N. Y. 407, 412) extending over four or more years and leading to academic degrees. The record here indicates that some institutions of higher learning offer one or more semester courses dealing with school planning but it was not shown that such courses were required for any specific academic degree. Granting the ability as well as the wide training and experience of petitioners in a relatively new field of endeavor, we find nothing in the record to warrant a conclusion contrary to that reached by the commission. Determination unanimously confirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.