In the Matter of HARVEY B. ROSENBLOOM, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, March 21, 1974.

*Traynor, Skehan & Marks* (*Homer H. Marks* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondent.

70

Cooke, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained the imposition of unincorporated business tax assessments pursuant to article 23 of the Tax Law for the years 1964, 1965 and 1966.

The salient facts are not in dispute, it appearing that petitioner was licensed by the State of New York as a real estate salesman in 1939 and as a real estate broker in 1943; that he was awarded a Bachelor of Science in Economics degree from the University of Illinois in 1948, thereupon returning to Rochester where he became engaged as a real estate broker on a full-time basis; that since graduation he has taken courses in subjects such as business law, real property law, business administration and investment management; that in 1950 his endeavors changed from general real estate to appraisal work and during the years in question 95% of his activities were in the appraisal field; and that he has maintained a library and pursued an independent study concerning appraisals.

The unincorporated business tax is imposed on the net income from a trade, business or occupation wholly or partly carried on within this State by an individual or unincorporated entity, including a partnership, fiduciary or corporation in liquidation (Tax Law, § 701, subd. [a]; § 703, subd. [a]). The practice of law, medicine, dentistry, architecture or any other profession is not deemed an unincorporated business and, therefore, is exempt from the tax, provided (1) capital is not a material income producing factor and (2) more than 80% of the unincorporated business gross income for the taxable year is derived from personal services rendered by the individual or members of the partnership or other entity (Tax Law, § 703, subd. [c]).

The only issue presented for resolution is whether petitioner, as a real estate appraiser, is engaged in the practice of a profession exempt from said tax, same being a question of law (Matter of Voorhees v. Bates, 308 N. Y. 184, 188; Matter of Kormes v. Murphy, 9 A D 2d 1003, mot. for lv. to app. den. 8 N Y 2d 706). The term " profession " implies " knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study " (People ex rel. Tower v. State Tax Comm., 282 N. Y. 407, 412; Matter of Sundberg v. Bragalini, 7 A D 2d 15, 19, mot. for lv. to app. den. 6 N Y 2d 705; see 20 NYCRR 281.4).

In determining what activity constitutes the practice of a profession consideration should be given to the following factors: (1) a long-term educational background generally associated with a degree in an advanced field of science or learning; (2) the requirement of a license which indicates sufficient qualifications have been met prior to engaging in the occupation; (3) the control of the occupation by standards of conduct, ethics and malpractice liability; and (4) the barrier to carrying on the occupation as a corporation* (see 1 CCH, State Tax Reporter, New York, par. 19.507, p. 2529–2). Although petitioner has a college degree, one is not a requisite for a real estate appraiser (see *Matter of Sundberg* v. *Bragalini, supra*) and, indeed, the proof shows that there are no universities or colleges which offer a degree in real estate appraising. While petitioner is licensed as a real estate broker by the Secretary of State, there is no official license or certification for real estate appraisal activities. Additionally, there has been no legal barrier to carrying on the occupation of real estate appraisal by a corporation (see Real Property Law, § 440-a). Thus, the determination under review is supported by a rational basis and should not be disturbed. In *Matter of Adelsberg* v. *Bates* (278 App. Div. 606), it was held that a valuation expert, who by reason of specialized study and knowledge was equipped to handle complex problems relating to the evaluation of real property, was not engaged in the practice of a profession for unincorporated business tax purposes.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., GREENBLOTT, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.

* This item is less significant since New York now permits certain professionals to incorporate (see Business Corporation Law, § 1501 *et seq.*).