In the Matter of WILLIAM MCMAHAN, Petitioner, *v.* STATE TAX COMMISSION, Respondent. (Proceeding No. 1.)

In the Matter of WILLIAM MCMAHAN, Petitioner, *v.* STATE TAX COMMISSION, Respondent. (Proceeding No. 2.)

Third Department, November 7, 1974.

*Ballard, Feinstein & Perret* (*Harvey M. Lifset* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. P.   Petitioner was licensed to sell life insurance by the Insurance Department of the State of New York, and was also licensed to sell life insurance in the States of New Jersey, Pennsylvania, Washington and California.   During the years in question, his income as a life insurance agent consisted entirely of commissions earned on policies purchased as part of plans for the purpose of reducing or minimizing estate tax liabilities of the insureds.   Sales were made by him as agent for various life insurance companies, and none of the companies restricted his selling activities or exercised any material degree of supervision or control as to his method of operation.   None of the companies deducted social security or income taxes from the compensation paid him, nor did they reimburse him for his expenses.

He maintained an office within the State of New York, but had no office in the other States where he sold life insurance.   On his income tax returns he regularly deducted as business expenses the commissions paid by him, the rent for his office, the wages of a full-time secretary, advertising costs, telephone charges,

social security taxes as an employer, depreciation on office equipment, books, stationery, supplies and business trips outside the State. In each of the years in question, he claimed exemption from the unincorporated business tax on the ground that in excess of 80% of his gross income was derived from personal services rendered by him from an activity in which capital was not an income producing factor, and that thus he was entitled to a professional exemption.

Petitioner has no college degree but has taken college courses in the field of taxation and estate planning as applied to life insurance. The State Tax Commission determined that petitioner's activities in connection with the sale of life insurance did not constitute the practice of an exempt profession within the meaning and intent of section 386 of article 16-A of the Tax Law, or within the meaning and intent of subdivision (c) of section 703 of article 23 of the Tax Law; that his activities were carried on as an independent contractor and not as an employee; that his activities constituted the conduct of an unincorporated business; and that he was not entitled to an allocation or apportionment of net income under subdivision (a) of section 707 of the Tax Law or under section 386-g of the Tax Law.

The first issue raised in this proceeding is whether petitioner is exempt from such tax on the ground that the income involved was derived from the practice of a profession.

'' The term ' profession ' implies ' knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study ' (*People ex rel. Tower* v. *State Tax Comm.*, 282 N. Y. 407, 412; *Matter of Sundberg* v. *Bragalini*, 7 A D 2d 15, 19, mot. for lv. to app. den. 6 N Y 2d 705; see 20 NYCRR 281.4).

'' In determining what activity constitutes the practice of a profession consideration should be given to the following factors: (1) a long-term educational background generally associated with a degree in an advanced field of science or learning; (2) the requirement of a license which indicates sufficient qualifications have been met prior to engaging in the occupation; (3) the control of the occupation by standards of conduct, ethics and malpractice liability; and (4) the barrier to carrying on the occupation as a corporation.'' (*Matter of Rosenbloom* v. *State Tax Comm.*, 44 A D 2d 69, 70–71, and see Business Corporation Law, § 1501 *et seq.*)

Petitioner does not have a college degree nor is one requisite for a life insurance agent. There is no evidence that there are any colleges or universities offering courses leading to a degree

in selling life insurance or that the services rendered by a life insurance agent require knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction or study. The State Tax Commission properly determined that petitioner was not exempt from the unincorporated business tax during the years in question.

The second issue raised by petitioner is that the tax imposed should be reduced by allocation of the income he received that was attributable to sales made outside the State of New York. To be entitled to such an allocation, there must be evidence that the unincorporated business has a regular place of business in another State or States which is systematically and regularly used by the unincorporated business entity in carrying on its business. The record indicates that petitioner maintained an office only in the State of New York. He, therefore, was not entitled to an allocation.

Petitioner's final allegation that the State Tax Commission was guilty of laches is without merit. An estoppel may not be invoked to prevent the State from collecting taxes lawfully imposed and remaining unpaid in the absence of statutory authority. (*Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood]*, 31 A D 2d 981.) Admittedly, the assessments were made during the period limited by statute.

The determinations should be confirmed, and the petitions dismissed, without costs.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Determinations confirmed, and petitions dismissed, without costs.