■ In the Matter of HARVEY B. ROSENBLOOM, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law. On July 25, 1975, petitioner, a real estate appraiser, was issued notices of deficiency for the years 1967 through 1973 for unincorporated business tax (former Tax Law, art 23, repealed by L 1978, ch 69, § 7, eff Dec. 31, 1982). In assessing the deficiencies, the Income Tax Bureau relied on a determination of the State Tax Commission, subsequently confirmed by this court in *Matter of Rosenbloom v State Tax Comm.* (44 AD2d 69, mot for lv to app den 34 NY2d 518), that petitioner was not engaged in the practice of a profession and was, therefore, not exempt from the imposition of the unincorporated business tax. Petitioner is relitigating the same issue in this proceeding as different taxable years are in question. However, the record does not reveal any new evidence which would cause us to change our position from that which we previously held in *Matter of Rosenbloom v State Tax Comm. (supra)*. We find that petitioner's activities do not meet the criteria for professional exemption from the instant tax (*Matter of Shmaruk v State Tax Comm.,* 79 AD2d 832). Petitioner alternatively argues that if the tax is to be imposed, he should be permitted to deduct from the

unincorporated business gross income the fair value of services rendered to him in his business by his wife (Tax Law, §§ 704, 706). Petitioner has, however, not actually compensated his wife for these services. In addition, he did not withhold State or Federal income taxes nor cover her under workers' compensation, disability or unemployment insurance. In order to take a deduction for an ordinary and necessary business expense, that expense must be paid or incurred during the taxable year (US Code, tit 26, § 162). As petitioner's wife was not paid any salary, the value of her services will not be considered an ordinary and necessary expense for the purpose of unincorporated business deductions (Tax Law, § 706, subd [8], par [B]). Respondent's determination is reasonable, supported by substantial evidence and, accordingly, should not be disturbed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.