OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 At issue is whether petitioner is to be deemed a “professional” within the meaning of subdivision (c) of section S46-2.0 of the New York City Administrative Code, not whether in any sense of the word he can properly be referred to as a “professional” (cf. Civil Rights Law, § 79-h). It is, moreover, in the context of the present proceeding,
 
 *843
 
 whether petitioner sustained his burden of establishing his right to exemption from tax as a person engaged in a profession, which is “essentially a question of fact to be determined by the commission[er] subject to very limited judicial review”
 
 (Matter of Koner v Procaccino,
 
 39 NY2d 258, 263).
 

 That petitioner is a journalist does not, without more, protect him from taxation
 
 (Matter of Steinbeck v Gerosa,
 
 4 NY2d 302, app dsmd for want of substantial Federal question 358 US 39), nor does petitioner so contend. He argues, rather, that the licensing and ethical control criteria suggested in
 
 Matter of Rosenbloom v State Tax Comm.
 
 (44 AD2d 69, mot for lv to app den 34 NY2d 518 [dealing with the parallel provision of the State’s unincorporated business tax]) cannot constitutionally be applied to him because the First Amendment proscribes licensing or control of journalists. The
 
 Rosenbloom
 
 factors are not absolute, however, as the footnote (44 AD2d, at p 71) with respect to the corporate form shows. Whether the absence of licensing and ethical control can serve to exclude journalists from exemption from tax need not be decided, therefore, if the denial of exemption to him is a reasonable construction of the Administrative Code and is supported by the record
 
 (Matter of Koner v Procaccino, supra; Matter of Howard v Wyman,
 
 28 NY2d 434, 438).
 

 That the Commissioner’s construction of the subdivision in question as to educational background is reasonable is clear from
 
 Matter of Koner v Procaccino
 
 (39 NY2d, at p 262);
 
 Matter of Voorhees v Bates
 
 (308 NY 184,189);
 
 People ex rel. Tower v State Tax Comm.
 
 (282 NY 407, 412), among others. Moreover, as the Appellate Division noted, the evidence does not demonstrate that a special course of study is required of practicing journalists or that petitioner followed such a course of instruction and study. Petitioner’s evidence establishes his attainment of a position of pre-eminence in his field. That, however, is an insufficient basis for us to conclude that the Commissioner’s interpretation of the law or the facts is clearly erroneous.
 

 Nor, finally, is the assessment of unincorporated business tax against petitioner barred by laches. The personal income tax returns filed by him for the years in question
 
 *844
 
 were for a separate and distinct tax
 
 (Matter of Hewitt v Bates,
 
 297 NY 239) and, as we have held many times, estoppel is not available against a governmental agency in the exercise of its governmental functions
 
 (Matter of Daleview Nursing Home v Axelrod,
 
 62 NY2d 30).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 Judgment affirmed, with costs, in a memorandum.