■ In the Matter of JAMES MILANO et al., Petitioners, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health, dated February 22, 1982, withdrawing and annulling the approval previously granted to petitioners for the construction of a nursing home on the ground that petitioners failed to proceed to construction of the nursing home at a reasonable rate.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Upon a thorough review of the record before us, we conclude that the notice of hearing sufficiently informed petitioners of the charges lodged against them, that respondents did not exceed their jurisdiction by withdrawing their prior approval for the construction of the Rivercrest Nursing Home and that the determination is supported by substantial evidence. The ground specified by respondents for the withdrawal of the approval was that petitioners failed to proceed to construction at a reasonable rate. The fact that the withdrawal was based primarily on petitioners' inability to obtain financing does not require annulment of the determination, since their inability to obtain financing resulted in their failure to proceed to construction at a reasonable rate (10 NYCRR 710.10 [a] [7] [ii], repealed Mar. 29, 1984). The evidence also shows that only minimal construction work had been performed on the project, despite a number of extensions of the time to complete construction.

Finally, petitioners' claim that respondents should be equitably estopped from withdrawing their approvals for construction

of the nursing home is without merit. Equitable estoppel cannot be applied against a governmental agency when it acts in its governmental capacity (*see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88; *Matter of Frye v Commissioner of Fin. of City of N. Y.,* 62 NY2d 841, 843-844; *Collins v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 361, 372-373; *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33-34; *Matter of Gavigan v McCoy,* 37 NY2d 548).

We have examined the remaining contentions of the parties and find them to be meritless as well. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.