OPINION OF THE COURT
Michael S. Alonge, J.
The defendant is charged with operating an insurance business in a “D” residence district in violation of the Town of Oyster Bay Code of Ordinances (Code). It appears to be a case of first impression in that it raises the question of whether an “insurance broker” is a “professional person” within the meaning of the zoning law.
The facts are that the defendant corporation, in reality a one-man insurance broker, had its offices at 4230 Merrick Road in Massapequa for several years. He then purchased the property at 4600 Merrick Road and made extensive repairs and improvements to the building which led to a dispute with the Town over dumpsters and other problems while the construction was underway.
*669 Sometime in late March 1997, Town inspectors noted that a-sign in a window at 4230 Merrick Road stated that the insurance company had moved to 4600 Merrick Road, which is in a “D” residential zone. The information alleges that on April 22, 1997 the defendant had an “Insurance” sign in the window of the premises and that the premises had a side entrance with a room containing what appeared to be an office setup.
The defendant contends that (1) an insurance broker is a professional person and thus is a permitted use in a “D” residential area, and (2) the Town failed to prove a prima facie case in that they did not prove beyond a reasonable doubt that the defendant was operating a business at the subject location on the date alleged in the information.
Section 246.135 I (1) of the Town of Oyster Bay Code lists the permitted uses in a “D” residential district: “The office of a physician, lawyer, architect, musician, teacher or professional person residing on the premises and when such use is incidental to such residence, provided, however, that such use shall be within the main dwelling and occupying not more than one-third (Vs) of the first floor area.”
The defendant contends that an insurance broker is a “professional person” within the meaning of the statute.
While there appears to be no authority directly on point, the related case law and commentaries support the position that an insurance agent is not a professional entitled to have a home office in a residentially zoned area. The Code of the Town of Oyster Bay does not define “professional person”, nor were any New York cases found in the context of zoning ordinances that address this issue.
In interpreting the Town ordinance, it seems that the Town intended to exclude insurance brokers from the permitted uses in a “D” residential district. This conclusion is drawn because in other sections of the Town Code, where an insurance office is allowed, the Town explicitly listed an insurance office as a permitted use.
For example, section 246-308 of the Town Code dealing with permitted uses in residence-office (R-O) districts states in pertinent part that the following uses are permitted: “The office of a physician, dentist, lawyer, architect, musician, teacher or other professional person, including real estate and insurance offices, but excluding banks”.
This section, therefore, includes “insurance offices” as well as “other professional person [s]”. Accordingly, the permitted uses *670 in a R-0 district stand in contrast with the uses permitted in a “D” residential district which does not include an insurance office.
Every good law student has learned the time-honored maxim “Inclusio unius est exclusio alterius”, which is the Latin way of saying that the inclusion of one is the exclusion of another. (Black’s Law Dictionary 763 [6th ed].) The inescapable inference to be drawn is that the Town intended to include insurance offices in R-0 districts but not “D” residential districts. (See, Burgin v Forbes, 293 Ky 456, 169 SW2d 321, 325.)
In the same vein, an ordinance which lists permitted uses excludes any uses that are not listed. (Incorporated Vil. of Old Westbury v Alljay Farms, 100 AD2d 574, affd as mod 64 NY2d 798.)
1 Anderson, New York Zoning Law and Practice (§ 12:12 [3d ed]) states: “Real-estate and insurance brokers are included by some ordinances among the professional persons entitled to maintain home offices in residential districts. Other ordinances specifically prohibit such offices as home occupations in such districts. While neither use maintains stock in trade in the usual sense, they are probably uses which have more in common with business than is true of the professions commonly permitted to locate in residential neighborhoods.”
Licensing by the State and municipalities and supervision of activities are. insufficient standards by which to determine whether an occupation is a “profession” rather than a trade. (Teague v Graves, 261 App Div 652.)
Thus, this court finds that an insurance broker is not a professional within the meaning of the ordinance, and is, therefore, not a permitted use in a “D” residential zone.
However, the second question is whether the defendant is guilty as charged in the accusatory instrument with operating an insurance business at 4600 Merrick Road, Massapequa, New York, on April 22,1997. The testimony of the Town inspectors was inconclusive as to whether the defendant’s business was in fact in operation at the subject premises on the above date.
The defendant brought in a witness from a trucking company who testified and produced records that verified that he moved three filing cabinets, two computers, desks and furniture from the defendant’s former address on May 9, 1997, more than two weeks after the date of the alleged offense. Certainly, this is sufficient to raise a reasonable doubt as to whether any office *671 was in fact in operation at the subject premises on April 22, 1997.
Thus, while the Town is correct that an insurance broker is not a permitted use within a “D” residential zone, they failed to carry the burden of proof in establishing all the elements of the offense particularly the date alleged in the information. The charges are dismissed.
The defendant’s ultimate remedy is to seek a change of zoning to a residence-office use where an insurance office is clearly permitted.