OPINION OF THE COURT
Simeon Colar, J.
This is an application by defendant Aon Risk Services of Oregon, Inc., an insurance agent and broker (hereinafter Aon), to dismiss the complaint insofar as asserted against it on the ground that the three-year Statute of Limitations applicable in professional malpractice cases has run. Plaintiff asserts that the six-year Statute of Limitations for breach of contract actions is applicable and therefore the action is timely. It appears that this is an issue of first impression with respect to whether insurance agents and brokers are professionals within the meaning of the malpractice statute, CPLR 214 (6) as amended, covering professional malpractice actions. (See, CPLR 214 [6].)
Pursuant to a written agreement, defendant Evergreen International Aviation, Inc. (hereinafter Evergreen) leased space from plaintiff at John F. Kennedy International Airport to operate its airline. The agreement required Evergreen to obtain insurance in its own name, and to name plaintiff as an additional insured. Defendant Aon, an insurance agent and broker, issued an insurance certificate to plaintiff on March 30, 1995, certifying that such insurance was obtained and effective as of April 1, 1995.
Subsequently, on April 17, 1995, a sprinkler valve in the leased space ruptured, flooding the area. Another insurance company, Affiliated FM, compensated Evergreen for its loss arising from the incident and then commenced a subrogation action against plaintiff in the United States District Court for the Eastern District of New York. On April 21, 1998, plaintiff commenced the instant action seeking a declaration that defendants are required to defend, indemnify and hold it harmless under the certificate of insurance and with respect to any judgment recovered in the Federal action. Defendant Aon now moves to dismiss the complaint on the ground that the action is time barred under the three-year Statute of Limitations.
In support of its motion, defendant Aon asserts that, under CPLR 214 (6), a party has three years to commence a claim for professional malpractice. According to defendant Aon, any negligence on its part occurred no later than March 30, 1995, *676 when it issued the certificate of insurance. Aon contends that since plaintiff did not commence the instant action until April 21, 1998, it is untimely and must be dismissed.
In opposition to the motion to dismiss, plaintiff asserts that its action is timely as it is governed by the six-year contract Statute of Limitations. Plaintiff contends that the three-year Statute of Limitations for professional malpractice contained in CPLR 214 (6) is inapplicable to the instant case since an insurance broker is not considered a member of a profession.
When a motion is made pursuant to CPLR 3211, the court assumes the truth of the allegations of the complaint. (O’Henry’s Film Works v Nabisco, Inc., 112 AD2d 825; Harkin v Culleton, 144 Misc 2d 656, 657.) Moreover, when a party moves to dismiss a cause of action on the ground that it is barred by the Statute of Limitations, the movant bears the initial burden of establishing the affirmative defense by prima facie proof that the time in which to sue has run. (Assad v City of New York, 238 AD2d 456; Siegel v Wank, 183 AD2d 158.) Once this burden is satisfied, the burden shifts to the plaintiff to aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations. (Assad v City of New York, supra, 238 AD2d, at 456; Siegel v Wank, 183 AD2d 158, supra.)
CPLR 214 (6), as amended in September 1996 (L 1996, ch 623), provides that actions to recover damages for malpractice, other than medical, dental or podiatric malpractice, must be commenced within three years, regardless of whether the underlying theory is based in tort or contract. The amendment has repealed the principle set forth by the Court of Appeals in Santulli v Englert, Reilly & McHugh (78 NY2d 700) and Sears, Roebuck & Co. v Enco Assocs. (43 NY2d 389) that applied the six-year contract Statute of Limitations to claims of professional malpractice on a theory of negligent performance of a contract. A malpractice cause of action generally accrues when an injury occurs, even if the aggrieved party is ignorant of the wrong or injury. (Ackerman v Price Waterhouse, 84 NY2d 535, 541.) The courts have applied CPLR 214 (6) to various nonmedical professionals, such as attorneys (Weiss v Manfredi, 83 NY2d 974), accountants (Meinhard-Commercial Corp. v Sydney, 109 AD2d 678), architects (Board of Mgrs. v Vector Yardarm Corp., 109 AD2d 684) and engineers (Tambrands, Inc. v Lockwood Greene Engrs., 178 AD2d 406). However, there is no authority which specifically addresses the issue of whether CPLR 214 (6) is applicable to an insurance broker or *677 agent. It is necessary for the court to make this determination because, should it find that an insurance broker or agent is a member of a profession covered by CPLR 214 (6), then plaintiffs claim as to defendant Aon will be time barred.
The starting point of the court’s analysis of this issue must be the plain language of the statute involved. (Roth v Michelson, 55 NY2d 278, 283.) CPLR 214 (6) or CPLR 105, the definitions section, does not define the term “malpractice”. Black’s Law Dictionary (959 [6th ed 1990]) defines malpractice as “[pjrofessional misconduct or unreasonable lack of skill.” (Emphasis added.) It also defines malpractice as the “[flailure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession” (Black’s Law Dictionary 959 [6th ed 1990] [emphasis added]; see also, Cubito v Kreisberg, 69 AD2d 738, 742, affd 51 NY2d 900 [“malpractice * * * means the negligence of a member of a profession in his relations with his client or patient”]). Thus, the court must determine whether an insurance agent or broker can properly be considered a member of a profession within the meaning and intent of CPLR 214 (6).
Recently, in People v Island Wide Ins. Brokerage (177 Misc 2d 668), the District Court of Nassau County found that an insurance broker was not a professional person within the meaning of the Town of Oyster Bay Code of Ordinances. The issue in Island Wide was whether an insurance broker could maintain a home office in a residentially zoned area. The Oyster Bay Ordinance restricted such home offices in “D” residential districts to physicians, lawyers, architects, musicians, teachers or other professionals. In reaching its decision, the court noted that another section of the Town Code specifically permitted insurance agents to maintain an office in “R-O” districts. The court reasoned that this indicated that the Town intended to include insurance offices in R-0 districts but not D districts. Though the court did note that licensing by the State and municipalities is an insufficient standard by which to determine whether an occupation is a profession (People v Island Wide Ins. Brokerage, 177 Misc 2d 668, 670), the court did not discuss what constitutes a professional. Thus, the holding in Island Wide must be limited to its facts.
Also instructive is Flora’s Card Shop v Krantz & Co. (Ill Misc 2d 907, affd 91 AD2d 938), where plaintiff alleged that defendant insurance broker failed to obtain the requested insurance coverage. After defendant moved to dismiss the com *678 plaint on the ground that the Statute of Limitations had expired, plaintiff asserted that the continuous treatment doctrine applied to insurance brokers and, thus, the Statute of Limitations was tolled during the broker-client relationship. In rejecting plaintiffs novel argument, the court distinguished doctors, lawyers, accountants and architects, to whom the continuous treatment doctrine has been applied, from insurance brokers. The court stated that “[t]he trust reposed in the insurance broker is a business trust as contrasted with a professional trust.” (Flora’s Card Shop v Krantz & Co., supra, 111 Misc 2d, at 908.) The court noted that an insurance policy is in English and following up on a claim is not an “arcane art” that a businessman is incapable of doing. (Flora's Card Shop v Krantz & Co., supra, 111 Misc 2d, at 908.) The court did not set forth, though, what is necessary to be considered a professional under New York State law. In People ex rel. Tower v State Tax Commn. (282 NY 407), the Court of Appeals was faced with the issue of whether a customhouse broker was a professional under article 16-A, section 386 of the Tax Law, which excluded those engaged in professions from an unincorporated business tax. In finding that a customhouse broker was not engaged in the practice of a profession, the Court of Appeals stated that the term “professional” implies “knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study.” (People ex rel. Tower v State Tax Commn., supra, 282 NY, at 412; see also, Roizen v Marder’s Nurseries, 161 Misc 2d 689 [noting that professionalism includes those with special knowledge].) In addition, the courts have set forth several factors to be considered in determining what activity constitutes the practice of a profession: (1) a long-term educational background generally associated with a degree in an advanced field of science or learning; (2) the requirement of a license which indicates sufficient qualifications have been met prior to engaging in the occupation; (3) the control of the occupation by standards of conduct, ethics and malpractice liability; and (4) the barrier to carrying on the occupation as a corporation. (Matter of Frye v Commissioner of Fin. of City of N. Y., 95 AD2d 274, 277, affd 62 NY2d 841; Matter of McMahan v State Tax Commn., 45 AD2d 624, 626; Matter of Rosenbloom v State Tax Commn., 44 AD2d 69, 71.)
The application of these standards to insurance agents and brokers leads this court to conclude that insurance agents and brokers are not professionals within the meaning of CPLR 214 *679 (6). The licensing requirements for insurance brokers or agents do not involve a prolonged course of specialized instruction or study with a degree in an advanced field of science or learning. Insurance Law § 2103 (f) (1) and § 2104 (e) (1) (A) require an applicant for an insurance agent’s license and an insurance broker’s license, respectively, to pass a written examination on the principal branches of the insurance business. In addition, an applicant for an insurance broker’s license must successfully complete a course of study or be employed by an insurance company for at least one year during the three years preceding the application. Thus, applicants need not take any courses at all.
Cases from other jurisdictions lend support to this court’s conclusion that an insurance agent or broker is not a professional within the meaning of CPLR 214 (6). In Pierce v AALL Ins. (531 So 2d 84 [Fla]), the Supreme Court of Florida held that an insurance agent was not a professional for purposes of its professional malpractice Statute of Limitations. The court defined a profession as a “vocation requiring, as a minimum standard, a college degree in the specific field.” (Pierce v AALL Ins., supra, 531 So 2d, at 87.) The court explained that it is the “specialized education and academic preparation” which distinguishes a profession from other occupations. (Pierce v AALL Ins., supra, 531 So 2d, at 87-88.) In Motor Club Ins. Assn, v Fillman (5 Neb Ct App 931, 568 NW2d 259), the Court of Appeals of Nebraska was also faced with the issue as to whether an insurance agent was a professional within the meaning of its malpractice Statute of Limitations. Although the court decided the case on other grounds, it noted that a profession is “a calling requiring specialized knowledge and often long and intensive preparation including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods”. (Motor Club Ins. Assn. v Fillman, supra, 5 Neb Ct App, at 936, 568 NW2d, at 263.)
While this court intends no disrespect toward insurance agents and brokers, it does not believe that they should be considered professionals within the meaning and intent of CPLR 214 (6). To hold otherwise would create a new “malpractice” cause of action with respect to alleged breach of contract by insurance agents and brokers, while greatly reducing the time within which aggrieved parties may seek redress. Such a holding would fly in the face of case authority of this State which has heretofore limited claims of malpractice to members *680 of the “learned professions.” Indeed, in his commentaries discussing the September 1996 amendment to CPLR 214 (6), Professor Vincent Alexander states that other “[professionals such as architects, attorneys, accountants and engineers will now enjoy a sense of repose approximating that of their colleagues in the medical profession”. (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214:6, 1998 Pocket Part, at 135.) Conspicuously absent from Professor Alexander’s Commentaries is any reference to insurance brokers or agents.
In reaching its conclusion here, the court acknowledges the decision of the Appellate Division, First Department, in AJ Contr. Co. v Trident Mgrs. (234 AD2d 195), where the Court implied that an insurance broker may be found liable for malpractice. AJ Contr., however, did not deal with professional malpractice in the context of CPLR 214 (6), the provision at issue in the instant case. In addition, the Court noted that there was a contractual relationship between the plaintiff and the insurance broker.
Since the court finds that defendant Aon is not a professional within the meaning of CPLR 214 (6), the court will apply the six-year Statute of Limitations for contract actions. Defendant Aon contracted to provide certain services, which it allegedly failed to do. Thus, the action is timely as the applicable Statute of Limitations has not yet run.
Accordingly, the motion by defendant Aon to dismiss the complaint insofar as asserted against it is denied.