OPINION OF THE COURT
Herman Cahn, J.
Defendant Gordon Smith Consultants moves to dismiss the complaint (CPLR 3211 [a] [5]) as barred by the three-year Statute of Limitations for malpractice (CPLR 214 [6]). Plaintiff New York and Presbyterian Hospital (the Hospital) cross-moves to amend the caption to substitute the name “Gordon H. Smith Corporation” for that of defendant Gordon Smith Consultants.
In March 1986, Gordon H. Smith Corporation (Smith) agreed to serve as an “Exterior Walls Consultant” for the plaintiff Hospital on a “task assigned” basis. In a letter confirming the parties’ agreement, Smith asserted that “[t]he role of the Consultant is to supplement the Architect’s skill in design, detailing and specification preparation, and the Contractor’s/ Manager’s skill in building construction.” Smith noted that it had “many years of first-hand experience in the specific facets of curtain wall construction — design, estimating, supervision of mock-up construction and testing, evaluation of mock-up methods of construction and mock-up testing results, observation of manufacture and installation quality control procedures in both plant and field, as well as field testing.” However, the letter cautioned that “[t]he function of the Exterior Walls Consultant is neither to replace the Architect by assuming the overall design function for the work, nor replace the Contractor/ Construction managers by assuming his role of coordinator of the various trades.”
The complaint alleges that the work and services on the project were performed, and payment made, by 1992. The instant action was commenced in December 1997 by the filing of a summons. Smith asserts that the action is barred by the three-year Statute of Limitations for malpractice, CPLR 214 (6).
*195 DEFENDANT SMITH’S MOTION TO DISMISS
The motion to dismiss is denied. The court concludes that Smith, as an “Exterior Walls Consultant”, is not entitled to invoke the shorter, three-year Statute of Limitations for professional malpractice. Rather, it is subject to the six-year statute for contract actions (CPLR 213).
CPLR 214 (6) provides that the three-year limitation applies to “an action to recover damages for malpractice,” other than medical, dental or podiatric malpractice. “Malpractice” is negligence by a member of a profession (see, Cubito v Kreisberg, 69 AD2d 738, 742 [2d Dept 1979]; Port Auth. v Evergreen Intl. Aviation, 179 Misc 2d 674 [1999]).
CPLR 214 (6) does not define or enumerate the professions which qualify for the three-year limitations period. Nor have our appellate courts explicitly addressed the question, although they have applied the time-bar to attorneys, accountants, architects and engineers (see, Port Auth. v Evergreen Intl. Aviation, supra, and cases cited therein; see also, Alexander, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214:6, 1998 Pocket Part, at 158 [noting that “(professionals such as architects, attorneys, accountants and engineers will now enjoy a sense of repose approximating that of their colleagues in the medical profession” (emphasis supplied)]). The courts of other States have employed varying approaches to the problem of which occupations are professions for the purposes of a malpractice Statute of Limitations. Some limit the professions to those recognized at common law (medicine, law and theology); others give the benefit of the limitations period to all licensed occupations; and still others rely on a dictionary definition which encompasses those occupations requiring specialized knowledge and intensive education preparation (see generally, Jilek v Berger Elec., 441 NW2d 660, 662 [ND 1989] [collecting cases]).
Apparently, only one New York trial court has confronted the issue of who is a “professional” in the Statute of Limitations context, and that court was concerned with an insurance broker. Recently, in Port Auth. (supra), the court held that an insurance broker was not a professional for the purposes of CPLR 214 (6). That court relied upon a line of authority which indicates, in a different context, that the term “professional” implies “ ‘knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study.’ ” (Port Auth. v Evergreen Intl. Aviation, *196 supra, at 678, quoting People ex rel. Tower v State Tax Commn., 282 NY 407, 412 [1940].) Furthermore, as the Port Auth. court noted, “the courts have set forth several factors to be considered in determining what activity constitutes the practice of a profession: (1) a long-term educational background generally associated with a degree in an advanced field of science or learning; (2) the requirement of a license which indicates sufficient qualifications have been met prior to engaging in the occupation; (3) the control of the occupation by standards of conduct, ethics and malpractice liability; and (4) the barrier to carrying on the occupation as a corporation” (Port Auth. v Evergreen Intl. Aviation, supra, at 678; see, Matter of Frye v Commissioner of Fin. of City of N. Y., 95 AD2d 274 [1983], affd 62 NY2d 841 [1984]; Matter of McMahan v State Tax Commn., 45 AD2d 624 [3d Dept 1974]; Matter of Rosenbloom v State Tax Commn., 44 AD2d 69 [3d Dept 1974]; Asian Vegetable Research & Dev. Ctr. v Institute of Intl. Educ., 944 F Supp 1169 [SD NY 1996]).
The court agrees that the factors set forth in Port Auth. (supra) should control in the malpractice Statute of Limitations context. However, this case presents a somewhat closer issue than that decided in Port Auth., because the insurance broker in that case was not even arguably involved in the practice of one of the traditionally recognized professions. In contrast, here defendant Smith’s corporate consultancy practice appears to involve work associated with the professions of both architecture and engineering.
Nevertheless, weighing all the relevant factors enumerated above, I conclude that defendant is not entitled to invoke the shorter limitations period for professionals. First, defendant has not satisfied the second and third factors regarding licensing and conformance to professional standards. Specifically, defendant is an ordinary business corporation, rather than a licensed professional service corporation under the Business Corporation Law. Business Corporation Law § 1501 et seq. sets forth the exclusive means by which professionals may practice in the corporate form, and a corporation not licensed to render professional services may not do so (see, Charlebois v Weller Assocs., 72 NY2d 587 [1988]; SKR Design Group v Yonehama, Inc., 230 AD2d 533 [1st Dept 1997]). Thus, defendant’s “exterior wall consulting” practice is not subject to the educational, regulatory and disciplinary mechanisms of the State’s licensing authority (see, Business Corporation Law § 1503). Indeed, the agreement with the Hospital seems to *197 have been drafted to avoid the appearance that Smith would be acting in a professional capacity, emphasizing that Smith was not the architect and was only supplementing the professional’s work.
Second, there was clearly no barrier to Smith’s carrying on its business as a corporation, because that is precisely what it did. Defendant thus availed itself of the usual protections of the corporate form, rather than subjecting its employees to personal professional liability under Business Corporation Law § 1505. Having elected to secure that advantage, defendant should not be allowed to enjoy an additional benefit which was intended, in part, to compensate professionals for their inability to limit their liability through incorporation.
In its reply papers, defendant seeks to advance yet a new theory based on the six-year statute for contracts under CPLR 213. The court declines to consider this new theory, since it was raised for the first time on reply (Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227 [1st Dept 1997]; Scherrer v Time Equities, 218 AD2d 116 [1st Dept 1995]). Furthermore, the argument appears to raise factual issues regarding the accrual of the causes of action which would best be addressed on summary judgment after joinder of issue.
plaintiff’s motion to amend the caption
Plaintiff’s motion to amend the caption to reflect the proper name of the Smith defendant is granted. “It is well settled that an application to amend the caption to reflect the true name of the defendant should be granted where * * * the designated entity was the intended subject of the law suit, knew or should have known of the existence of the litigation against it, and will not be prejudiced thereby” (Fink v Regent Hotel, 234 AD2d 39, 41 [1st Dept 1996]; see, Foley v Chase Manhattan Banking Corp., 212 AD2d 448 [1st Dept 1995]). In this case, although plaintiff originally sued Smith in the name of “Gordon Smith Consultants”, service was made upon the corporate controller of Gordon H. Smith Corporation. The true corporation defendant thus had actual knowledge of the litigation, and was clearly not confused or prejudiced since it was able to locate the contractual documents relevant to its defense.
Accordingly, it is ordered that the motion to dismiss is denied, and it is further ordered that defendant Gordon H. Smith Corporation is directed to serve an answer to the complaint within 10 days after service of a copy of this order with notice of entry, and it is further ordered that the motion to *198 amend the caption is granted, and it is further ordered that this action shall bear the following caption:
“SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK:
PART 49
................................X
THE NEW YORK AND PRESBYTERIAN Index No. 606329/97
HOSPITAL, successor by merger to THE PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK,
Plaintiff,
against
TISHMAN CONSTRUCTION COMPANY, SKIDMORE, OWINGS & MERRILL, LLP, KELLY MASONRY CORP., METROPOLITAN STEEL INDUSTRIES, INC., QUALITY ROOFING CO., INC., ZIMMCOR USA CORP., CERTIFIED TESTING LABORATORIES, INC., GORDON H. SMITH CORPORATION, JAN L. LEVITON, P.E., and JOHN DOE NUMBER ONE through JOHN DOE NUMBER TWENTY,
Defendant. ......X”