■ In the Matter of Sylvester Cleary, Deceased. Richard Cleary, Appellant; New York State Department of Taxation and Finance, Respondent. [32 NYS3d 646]—

In a probate proceeding in which the executor of the estate of Sylvester Cleary petitioned pursuant to Tax Law § 998, inter alia, to vacate a conciliation order of the New York State Department of Taxation and Finance dated April 12, 2013, sustaining a certain notice of deficiency, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Kelly, S.), dated May 16, 2014, which, upon a decision of the same court dated April 16, 2014, denied the petition.

Ordered that the decree is affirmed, with costs.

The decedent died in 2009. In June and September 2010, respectively, an estimated tax payment in the sum of $40,000, made "under protest," and a New York estate tax return were submitted to the respondent on behalf of the estate. The estate assets included a condominium with an appraised value of $600,000, and shares in a cooperative apartment with an appraised value of $350,000. The petitioner claimed that, for estate tax purposes, the respective values of those assets were reduced by the fact that the decedent had willed life estates in both properties to his longtime companion. As such, the estate tax return valued the condominium at $480,000, and the cooperative apartment at $280,000. The respondent accepted the estate tax return and, in November 2010, refunded to the estate the sum of $21,582.07.

In March 2011, the respondent sent the petitioner a notice that it was rejecting the reduced valuations and assessing the value of the condominium and cooperative apartment at $600,000 and $350,000, respectively, thereby resulting in a tax deficiency in the sum of $38,997.18. Ultimately, the petitioner filed a petition pursuant to Tax Law § 998 challenging the respondent's valuations of those assets, primarily on the ground that the life estates granted to the decedent's longtime companion upon the decedent's death should have been taken into consideration in valuing the condominium and cooperative apartment for estate tax purposes. The Surrogate's Court denied the petition.

"Because the estate tax is a tax on the privilege of transferring property upon one's death, the property to be valued for estate tax purposes is that which the decedent actually transfers at his death rather than the interest held by the decedent before death or that held by the legatee after death" (*Propstra v United States*, 680 F2d 1248, 1250 [9th Cir 1982]). An estate tax taxes "not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death" (*Young Men's Christian Assn. of Columbus v Davis*, 264 US 47, 50 [1924]; *see Estate of Stewart v C.I.R.*, 617 F3d 148, 154 n 8 [2d Cir 2010]). "The value of every item of property includible in a decedent's gross estate under sections 2031 through 2044 is its fair market value at the time of the decedent's death" (*see Estate of Stewart v C.I.R.*, 617 F3d at 154 n 8). An estate tax is a tax on the privilege of passing on property, not a tax on the privilege of receiving property; "[t]he tax is on the act of the testator not on the receipt of the property by the legatees" (*Ahmanson Found. v United States*, 674 F2d 761, 768 [9th Cir 1981]).

Therefore, contrary to the petitioner's contention, the life estates in the condominium and cooperative apartment granted by the decedent to his longtime companion upon the decedent's death did not diminish the value of those properties for estate tax purposes and should not have been taken into account on the estate tax return.

Under the circumstances of this case, the equitable considerations of estoppel and laches are inapplicable (*see Capruso v Village of Kings Point*, 23 NY3d 631, 641-642 [2014]; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003]; *Matter of Frye v Commissioner of Fin. of City of N.Y.*, 62 NY2d 841, 843-844 [1984]; *Matter of Salh v Tax Appeals Trib. of the State of N.Y.*, 99 AD3d 1124, 1125 [2012]).

The petitioner's remaining contentions are without merit.

Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.